JAMES H. WEBB, ADMINISTRATOR, *vs.* AUGUSTUS E. LINES AND OTHERS.

New Haven Co., June T., 1888.   PARK, C. J., CARPENTER, PARDEE, LOOMIS and BEARDSLEY, Js.

A fee given by apt words is not to be destroyed or diminished except upon clear language.

A testator by one clause gave certain estate to his nephew *A*, charging upon the legacy an annuity given to another person ; and by the next clause provided that "in case of the death of *A*," the estate should go to the testator's brother, if living, and if not, to the then living children of his brother and their heirs. Held to mean the death of *A* in the lifetime of the testator ; and that, having survived the testator, *A* took the property in fee.

[Argued June 12th—decided July 20th, 1888.]

SUIT for the construction of a will ; brought to the Superior Court in New Haven County, and reserved on facts found for the advice of this court.   The case is fully stated in the opinion.

*J. W. Alling* and *S. C. Morehouse*, for Augustus E. Lines.

*L. B. Morris*, for Jane E. Lines and Maria K. Rowland.

PARDEE, J.   Frederick Lines made his will in 1874 and died in 1875.   Surviving him were his wife Nancy, his

brother Augustus, and Augustus E. and Jane E. Lines, and Maria K. Howland, these, children of Augustus, and Augustus K., son of Augustus E., insane. The widow, Augustus and Augustus K. Lines have since died.

After certain legacies the testator gave to his wife the use of the remainder for life.

The thirteenth and fourteenth sections of the will are as follows:

"13th. All the rest and residue of my estate I give to my nephew Augustus E. Lines, provided he makes no charge against my estate for services rendered as executor, and that said Augustus E. Lines shall pay over to Sarah Ford Bradley the yearly annuity or net income which I have bequeathed to her in the third and fourth sections of my will during the full term of her life; and I hereby make all my real and personal estate chargeable with the above named legacies.

"14th. In case of the death of my nephew Augustus E. Lines, and his son Augustus K. Lines, now an inhabitant of the Retreat for the Insane at Hartford, should then be living, it is my will that the rest and residue of my estate given to my said nephew Augustus E. Lines shall go to my brother Augustus Lines if he shall then be living, but if he shall then be dead it shall go to his surviving children who shall then be living and to their heirs, to be equally divided among them, except that a sum not exceeding four hundred and fifty dollars annually shall be appropriated out of said rest and residue for the support of the said Augustus K. Lines in said Retreat or in any similar institution during his natural life, and at his death the said appropriation shall cease to exist and the whole remaining rest and residue shall go as heretofore directed."

Under these, Augustus E. claims to own the whole estate in fee, subject only to the annuity to Sarah Ford Bradley. Jane E. Lines and Maria K. Howland claim that he takes only a life estate, remainder to themselves.

The administrator *de bonis non* asked the advice of the

Superior Court as to the meaning of the will, and the case is reserved for the advice of this court.

By the thirteenth paragraph the rest and residue is given to Augustus E. without limitation as to interest or time; in words apt for a testamentary gift of a fee. And upon well established principles, a fee thus given is neither to be destroyed nor diminished except upon clear language.

With the gift there is imposed the obligation to pay an annuity, regardless of income; indicative of an intent to grant the fee from which to make punctual payment thereof.

By the words used in the gift to his wife, "for and during the term of her life," and in that to his nephew, "all the rest and residue of my estate I give to my nephew," the testator has demonstrated his knowledge of the difference between estates for life and in fee.

The first thirteen sections made it certain that he intended to die testate as to all of his estate. It is to be presumed that he intended that the whole should vest in right at his decease.

By the fourteenth he met the possible event of the death of Augustus E. before his own, by sending the estate in fee up to the father of Augustus E., if the father should outlive both his son and the testator; if not, then in fee to such children of the father as should survive both him and the testator; preventing intestacy within human foresight.

Whenever as here the devise of a fee in terms is followed by a provision for a devise over in case of the death of the first devisee, this last expression is held not to refer to death under all circumstances, and therefore not to be restrictive of the prior devise to a life interest; but to death under one circumstance, namely, death before that of the testator, and therefore to be a devise over in substitution only upon the happening of that event; and when the event and substitution become impossible the interest of the first devise becomes absolute. This, unless the will in some way makes apparent the intent of the testator to refer to death under all circumstances.

By the thirteenth section the testator made provision for

his insane grand-nephew, without naming him. That is, he had given an estate to his father; natural affection would compel the application. By the fourteenth, if Augustus E. should die before the testator, the insane son surviving, the testator bound his estate, in whomsoever it should vest, to the maintenance of that son.

The Superior Court is advised that the devise has become absolute in Augustus E. Lines.

In this opinion the other judges concurred.