ALICE M. GAY *vs.* SUSAN J. DIBBLE ET AL.

First Judicial District, Hartford, January Term, 1900. ANDREWS, C. J.,
TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

A testator, who made his will and died in 1881, gave his wife the use of his real estate during her life, and the remander in fee to *A*, his sole descendant, who was then but sixteen years old, with a provision that in case of *A's* death "during her minority, or without issue or children afterwards," the devise to her should be divided among certain persons named, all of whom were much older than *A*. In 1898 the widow died, but *A* survives unmarried and without children. *Held* that the words of the will, read in the light of the circumstances shown by the record, disclosed the intent of the testator not to cut down his primary gift in fee to *A* to a lesser estate, except in the event of *A's* death during her own minority, or her subsequent death without issue during the lifetime of the testator's widow; and that upon the latter's decease in 1898 *A's* title became absolute.

Argued January 4th—decided February 13th, 1900.

ACTION to quiet and settle the title to certain real estate devised by will, brought to the Superior Court in Hartford County, and reserved by that court, *Roraback, J.,* upon a finding of facts, for the consideration and advice of this court. *Judgment advised for plaintiff.*

All the parties based their claims upon the will of Oliver Clark, deceased, the material portions of which are as follows:—

"1st. I will that all my just debts and obligations be paid. 2d. I give, devise and bequeath to my dear wife, Mary Ann Clark, the use and income of all my real estate situated in

the towns of East Granby and East Windsor, during her natural life. I also give and bequeath to my dear wife, as her own property forever, all the stock which may belong to me at my decease, household goods of every description, and also the sum of three thousand dollars in money, and the farming utensils. It is my will that Mrs. Candice Harvey have her support and maintenance from my estate during her natural life. All the remainder of my estate I give and bequeath to my granddaughter Alice M. Gay, daughter of Wm. P. Gay, and the said Alice shall own in fee simple at the death of my wife all my real estate the use of which I have hereinbefore devised to my wife. In case of death of said Alice during her minority—or without issue or children afterward—then the bequest to Alice shall be distributed and divided as follows: One half of said bequest shall belong to Wm. P. Gay, and the other half shall be divided equally between the following named persons: Susan J. Dibble, wife of Harvey E. Dibble of East Granby, Marinda S. Gallagher, wife of James Gallagher, and Susan Jacobs of New Haven, and Mrs. Sabra Ann Filer of East Windsor, Conn. Lastly, I appoint Wm. P. Gay executor of this will without bonds."

The finding of the Superior Court states these facts: "1. Oliver Clark made his last will and testament on the 15th day of October, 1881, and died on the 21st of the same month, aged 73 years and four months, leaving a widow, Mary Ann Clark, and the plaintiff, his granddaughter and his sole heir at law, and owning in fee simple the real estate described in the complaint. 2. Said will was duly proved and approved in the Court of Probate for the district of East Granby, and the estate of Oliver Clark was duly settled in said court. 3. Said Mary Ann Clark, upon the decease of said Oliver Clark, entered into possession of all the real property left by the said Oliver Clark, including the real property described in the complaint, and continued in exclusive possession thereof until her death in 1898. 4. Upon the decease of the said Mary Ann Clark, the plaintiff entered into exclusive possession of said real property, and has ever since continued to hold and possess the same, claiming an estate in

fee simple therein under and by virtue of said will. 5. Susan J. Dibble and Susan Jacobs, mentioned in said will, were nieces of said Oliver Clark, and Miranda S Gallagher and Sabra Ann Filer were nieces of said Mary Ann Clark, the wife of the said Oliver Clark, and William P. Gay was the son in law of said Oliver Clark, having married the only child of Oliver Clark, who died before Oliver Clark made his said will, leaving one child, the said Alice M. Gay. 6. Susan Jacobs, Miranda S. Gallagher, Sabra Ann Filer and William P. Gay are now dead, and the defendant Harriet Jacobs inherited from Susan Jacobs whatever was given to Susan Jacobs in the will of Oliver Clark, and the defendants Frank Gallagher, James Gallagher and John Gallagher, inherited from Miranda S. Gallagher whatever was given to Miranda S. Gallagher in said last will of Oliver Clark, and Sabra Wadsworth, Emma R. Filer and Anson P. Filer inherited from Sabra Ann Filer whatever was given to Sabra Ann Filer in said last will of Oliver Clark, and the plaintiff, Alice M. Gay, inherited from William P. Gay whatever was given to William P. Gay in said last will of Oliver Clark. 7. Alice M. Gay, the plaintiff, was born on the 27th day of February, 1866, is not married, and has not had issue or children. 8. Said Susan J. Dibble, Miranda S. Gallagher, Susan Jacobs and Sabra Ann Filer were about the age or older than the plaintiff's deceased mother. 9. The defendants claim that an undivided half part of the land described in the complaint would become their property in fee simple, in case the plaintiff should die without issue or children, and they claim said interest in said land by virtue of the provisions of said last will and testament of Oliver Clark."

Upon the foregoing facts, and with the consent in writing of the parties to the record, this case was reserved for the advice of this court.

*Theodore M. Maltbie*, for the plaintiff.

*J. Warren Johnson*, for the defendants.

ANDREWS, C. J. The primary gift in the will of Oliver Clark, which is the subject of discussion in this case, is expressed in these words: "All the remainder of my estate I give and bequeath to my grandddaughter Alice M. Gay, daughter of Wm. P. Gay, and the said Alice shall own in fee simple at the death of my wife all my real estate the use of which I have hereinbefore devised to my wife."

The subsequent gift in the will is this: "In case of death of said Alice during her minority—or without issue or children afterward—then the bequest to Alice shall be distributed and divided as follows: one half of said bequest shall belong to Wm. P. Gay, and the other half shall be divided equally between the following persons: Susan J. Dibble, wife of Harvey E. Dibble of East Granby, Miranda S. Gallagher, wife of James Gallagher, and Susan Jacobs of New Haven, and Mrs. Sabra Ann Filer of East Windsor, Conn."

There is no question but that the primary gift, by its terms gave to the plaintiff, Alice M. Gay, an absolute fee title to the real estate which had belonged to the testator, and which, now that the wife of the testator is dead, vests in her. The question upon which the advice of this court is asked is whether or not that absolute fee is reduced to a lesser estate by the subsequent gift. The rules to be observed in answering that question have been very recently stated by this court in *Mansfield* v. *Shelton*, 67 Conn. 390, 397. "*First*. If the primary gift conveys and vests in the first taker an absolute interest in personal, or an absolute fee simple in real property, it exhausts the entire estate, so that there can be no valid remainder. *Second*. A life estate expressly created will not be converted into a fee, absolute or qualified, or into any other form of estate greater than a life estate, merely by reason of there being coupled with it a power of disposition, however general or extensive. *Third*. An express gift in fee will not be reduced to a life estate by mere implication from a subsequent gift over, but may be by subsequent language clearly indicating intent and equivalent to a positive provision. *Fourth*. Except as restrained by the foregoing limitations—indeed in some instances apparently impinging

upon them—the question as to whether the primary gift is in fee, so as to exhaust the entire estate, is in each case to be decided upon a careful examination of the entire will, aided by legitimate extrinsic evidence, to ascertain the actual intent of the testator; which intent, when so discovered and made obvious, is controlling." *Browning* v. *Southworth*, 71 Conn. 224.

Here the primary gift is in terms a fee simple to Alice M. Gay. This is not to be reduced to any lesser estate by implication from the fact that there is a subsequent gift over. *Webb* v. *Lines*, 57 Conn. 154; *Methodist Church* v. *Harris*, 62 id. 93.

Unless, then, there is in that subsequent gift something that is "equivalent to a positive provision" that the fee simple shall be cut down to a defeasible fee, or a fee tail, the absolute fee simple remains. Let us examine this. The testator had given the use of all his estate to his widow for her lifetime. Alice took nothing in enjoyment till that life estate ended. At the time the will was made she was about sixteen years old. She was the testator's only descendant. Her mother had been the only child of the testator, and she was the only child of her mother. Her mother was dead. Alice was the only person living who was of the blood of the testator. Naturally the testator expected his wife would live for some time, perhaps as long as, or longer than, the minority of his grandchild. It seems to have occurred to him that if Alice should die while his widow was living, there ought to be some further provision for the disposition of his estate; so the gift over was put into the will. That the testator was thinking of the death of Alice while yet a young person, and not her death at an old age, is made very manifest by the fact that the alternative devise upon her death is of one half of "said bequest"—that is the bequest to Alice—to the father of Alice, and the other half to other persons, two of whom were his own nieces and the other two nieces of his wife. All of these were much older than Alice; and there are no words of inheritance in connection with their names. It is true, probably, that in a will words of

inheritance are not necessary, as they are in a deed, to pass an inheritable ·title; but the absence of such words in this will indicates that the testator· was thinking of the death of Alice at so near a time that this gift over would accrue to these persons while they were alive, and not to their heirs, and intended to make this gift so that it would have that effect. This intent will be carried out by reading this clause of the will as intending the death of Alice during her own minority, or without issue or children during the life of his widow. *Walsh* v. *McCutcheon*, 71 Conn. 283, 287; *Lawlor* v. *Holohan*, 70 id. 87.

From all the words of the will, examined in the light of all the circumstances we have commented upon and the others mentioned in the case, we are of opinion that the testator intended to give and did give to Alice M. Gay an estate in fee simple in his lands, defeasible should she die before his widow under age or leaving no surviving issue, and that upon his widow's death said estate became absolute in Alice M. Gay; and the Superior Court is so advised.

In this opinion the other judges concurred.