JOHN P. LAWLOR *vs.* PATRICK HOLOHAN ET AL.

Third Judicial District, Bridgeport, Oct. Term, 1897. ANDREWS, C. J., TORRANCE, BALDWIN and HAMERSLEY, Js.

Under the well settled rule of construction in this State a devise over, provided the first devisee should " die without issue," takes effect only when the first devisee dies without issue during the lifetime of the testator; unless, indeed, a contrary intent is sufficiently declared in the will.

Expressions in the will in question reviewed, and *held* not to indicate a contrary intent upon the part of the testator.

[Submitted on briefs Oct. 27th—decided Nov. 30th, 1897.]

SUIT to determine the title to real estate under Chap. 66 of the Pub. Acts of 1893, involving the construction of the will

of John Galvin of Waterbury, deceased, brought to the Superior Court in New Haven County and tried to the court, *Hall, J.*, where judgment was rendered for the defendant Catherine Holohan, from which the plaintiff appealed for alleged errors in the rulings of the court.    *Error and judgment reversed.*

The case is sufficiently stated in the opinion.

*Edward F. Cole*, for the appellant (plaintiff).

*James E. Russell* and *John F. Holohan*, for the appellee (defendant).

TORRANCE, J.    John Galvin made the will in question, in 1889, and died in 1894.    He left surviving him, as his next of kin, one daughter, Catherine Holohan, a married woman, one of the defendants, certain children of said daughter, and the plaintiff John P. Lawlor, son of a deceased daughter. John P. Lawlor, the grandson, "is and ever has been childless."    The questions in the case arise under the ninth clause of the will, which reads as follows : "I give and devise to my grandson, John P. Lawlor, all my real estate on Union street; also all the land on the south side of Ray street on the Abrigador; also a piece of land fronting on the extension of Wall street, running west one hundred feet from the stone wall dividing the front meadow from the pasture land, said land to extend one hundred and ten feet northerly, and to be the width in rear as in front, that is, one hundred feet; also fifty feet on the new street now running in front of John Mulville's land, said land to extend westerly on Mulville's land to the stone wall, and to be the same width in rear as in front, namely, fifty feet, said land to have the use of a passway forty feet wide, running southerly from where the street now ends to the south side of his lot, the same to be to said John P. Lawlor, subject only to this condition, viz : should the said John P. Lawlor die without issue, then this above real estate hereinbefore described, with the rents and profits which may have accumulated therefrom, shall become the estate and

shall vest in my daughter, Catherine Holohan, to her and her heirs forever; but should the said John P. Lawlor die leaving issue, then said above described real estate shall vest in said issue absolutely." A codicil subsequently enlarged the lot given above to John P. Lawlor " on a new street running in front of John Mulville's land," from a lot fifty feet in width front and rear to a lot one hundred feet in width front and rear.

The will consists of ten clauses in all. In the first the testator merely directs that his debts shall be paid. In the second, third and fourth, he makes specific gifts to a grand-daughter, a grandson and a niece, of a picture, his watch and chain, and two hundred dollars, respectively; and said two hundred dollars is, in a codicil, subsequently given to the plaintiff. In the fifth clause he gives the plaintiff certain personal property, including some of his household furniture, and in the sixth he gives all the rest of his household furniture to Mrs. Holohan. In the seventh clause as changed by a codicil, he gives to the plaintiff the use of the barn with carriage-house and sheds adjoining, on the homestead of the testator, rent free, for the term of two years after the decease of the testator. In the eighth, he devises to his daughter Mrs. Holohan, his homestead, the land on Ray street on the Abrigador, and all his land on Wall street, "fourteen and one half acres, more or less, except three building lots reserved and hereinafter described in my devise to my grandson, John P. Lawlor, the same to be to her and her heirs absolutely." In the tenth he appoints the executors.

The grandson, John P. Lawlor, claimed that under the ninth clause of the will he took an estate in fee in the land therein described, while the daughter Mrs. Holohan claimed that he took only a life estate in said land; thereupon the plaintiff brought this action for the construction of the will, making the executor and Mrs. Holohan defendants. The executor disclaimed all interest, and it is admitted by the pleadings that the plaintiff and Mrs. Holohan "are all the persons having any interest or claiming interest in the matters involved in this action."

The court below, upon these facts, held that under said ninth clause "the plaintiff takes only a life estate in the land therein devised to him," and rendered judgment accordingly; and this action of the court is the only error assigned upon this appeal.

The main question in this case relates to the meaning of this phrase in the ninth clause of the will, "should the said John P. Lawlor die without issue." Does this mean "die without issue" in the lifetime of the testator, or does it mean "die without issue" after the death of the testator? Standing alone it is susceptible of either of these meanings; and unless the will, when properly construed, shows that the testator used it with the second meaning, it should be held that he used it with the first meaning. If any rule to be applied in the construction of phrases of this kind can be settled by repeated decisions, this rule must, in this State at least, be regarded as settled. This rule in substance has been acted upon or recognized in the following cases: *Phelps* v. *Robbins*, 40 Conn. 250; *White* v. *White*, 52 id. 518; *Coe* v. *James*, 54 id. 511; *Phelps* v. *Phelps*, 55 id. 359; *Webb* v. *Lines*, 57 id. 154; *Stone* v. *McEckron*, ibid. 194, 198; *Johnes* v. *Beers*, ibid. 295; *St. John* v. *Dann*, 66 id. 401; *Chesebro* v. *Palmer*, 68 id. 207.

A rule of construction applicable to the language of a will, is a rule of law determining the construction which the courts are bound to put upon particular words, expressions and forms of disposition occurring in wills, in the absence of a sufficiently declared intention to the contrary. Nothing in the will in question shows that the testator used the phrase under consideration in the second of the above meanings.

The only thing that can be said to militate against this view is the provision, immediately following the phrase in question, to the effect that if Lawlor dies, the real estate devised to him, "with the rents and profits which may have accumulated therefrom," shall vest in Mrs. Holohan, the daughter; and it is upon this that the defendant mainly relies. She claims that the rents and profits here spoken of, mean the rents and profits which "may have accumulated"

after the death of the testator, to Lawlor, and which are uncollected by Lawlor at Lawlor's death.    But this seems to be a strained interpretation.

It is conceded by her that Lawlor, on the death of the testator, took at least a life estate in the land devised ; and this is clearly so on any view of this will.    If this be so, then the rents and profits accumulating after the testator's death belonged to Lawlor, whether collected by him or not.    The testator could not dispose of such rents and profits, because, in effect, if Lawlor took a life estate, he had already given them to Lawlor.    The rents and profits upon the land described in the ninth clause of the will, "which may have accumulated" up to the time of the testator's death, he could give away, for they were his own ; and it seems to us that the more reasonable construction of this part of the will is that he meant those rents and profits, and not those which would under the will belong to Lawlor at Lawlor's death.    If this be so it is an argument against, and not in favor of, the defendant's claim ; for it shows, so far as it shows anything, that the testator was providing against Lawlor's death before, and not after, the testator.

We are of opinion that on the death of the testator, John P. Lawlor took an estate in fee in the land devised to him, and that the court below erred in holding otherwise.

There is error, the judgment is set aside and the cause remanded to be proceeded with in accordance with this opinion.

In this opinion the other judges concurred.