Hollister, Admr., *v.* Butterworth, Exr., et al.

---

JOHN C. HOLLISTER, ADMINISTRATOR, *vs.* GEORGE F. BUTTERWORTH, EXECUTOR, ET AL.

Third Judicial District, New Haven, June Term, 1898. ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

A testatrix gave one half of her property to her son and the other half to her daughter, during their respective lives, and the remainder in fee to the children of each; but provided that if the son or daughter should "die without such children or their issue surviving" him or her, the portion of the one so dying should go to the other for life and after his or her death, as the case might be, to his or her children, equally, in fee; and in default of such children to the right heirs of the testatrix. The testatrix and the daughter perished at sea in a common disaster in 1856, but the son survived his mother and at his death in 1897 left an only child who was born in 1851. In an action to determine the validity and construction of the will, it was *held:*—

1. That the main intent of the testatrix was to keep the property in her family for two generations.
2. That to satisfy this intent the phrase above quoted could not be construed to refer solely to the death of the daughter before that of her mother, but to her death at any time without children or their issue surviving her.
3. That no part of the estate was intestate, but upon the death of the testatrix the son's child took a vested remainder in the whole property.

The rule of construction by which a devise to *A* in fee, followed by a

provision that if he die without issue the land shall go to *B*, is commonly taken to refer to the death of *A* during the testator's life, has no application where the prior estate is one for life in the first taker with a vested remainder in his children.

Argued June 8th—decided July 26th, 1898.

SUIT to determine the validity and construction of the will of Jeannette A. Strong of New Haven, deceased, brought to the Superior Court in New Haven County and reserved by that court, *Elmer, J.*, upon the facts alleged in the complaint, for the consideration and advice of this court.

The will was made in 1845, and proved in 1857. The material part of it reads as follows : —

" I give and devise one half part of all my estate, both real and personal, to my son, Charles Edward Strong, during his life, and after his death to his lawful children in fee simple, to be equally divided between them ; but if he die without such children or their issue surviving, then I give and devise the said one half part to my daughter, Julia Weeks Strong, during her life, and after her death to her children in fee simple, to be equally divided between them ; and if she leave no children, then to my own right heirs.

" The other and remaining half part of all my estate both real and personal I give and devise to my said daughter, Julia Weeks Strong, during her life, and after her death to her children in fee simple, to be equally divided between them ; but if she die without such children or their issue surviving her, then I give and devise this one half part to my said son, Charles Edward Strong, during his life, and after his death to his children in fee simple, to be equally divided between them ; but if he leave no children, then to my own right heirs."

The testatrix, her daughter, who had married Theodorus Bailey, and the son-in-law, all perished at sea in a common disaster, November 3d, 1856. Mrs. Bailey left no surviving issue.

Charles E. Strong survived his mother, and had an only child, born in 1851, who was married to Arthur Nelson Welman in 1878. By an antenuptial settlement she had con-

Hollister, Admr., *v.* Butterworth, Exr., et al.

veyed all her property in trust, under which Henry C. White was in 1898 the sole trustee. Charles E. Strong died in 1897, leaving a will in which he made provision for his widow and daughter, giving the latter a power of appointment as to the residue, with remainder to a hospital in the event of her death intestate, without issue, and without exercising the power.

The questions of construction submitted were as follows : (*a*) Is there any presumption upon the facts stated that Jeannette A. Strong survived her daughter, Julia Weeks Bailey ? (*b*) Is there any presumption upon the facts stated that said Julia Weeks Bailey survived her mother, Jeannette A. Strong ? (*c*) Is there any presumption upon the facts stated that they both died at the same moment of time ? (*d*) Upon the facts stated are the property rights of the parties in the estate of Jeannette A. Strong to be determined as if both she and her daughter died at the same time ? (*e*) Does the phrase in the second part of said will, " die without such children or their issue surviving her," refer solely to the death of the daughter before the death of her mother ? (*f*) Under the paragraph in said will by which the testatrix gave " the other and remaining half of all my estate " to Julia Weeks Strong during her life, did said half become intestate estate, and go to Charles E. Strong, under the laws regulating the distribution of intestate estates, in case the daughter did not survive her mother ? (*g*) Did said Kate Fearing Strong take a vested remainder in the entire estate of said Jeannette A. Strong immediately upon the death of said Jeannette A. Strong ?

*Henry C. White,* for Kate F. Welman and Henry C. White, trustee.

*Burton Mansfield,* for George F. Butterworth, executor, et al.

BALDWIN, J. The object of the testatrix was to keep her property in her family for two generations. Her grandchil-

dren were as much the object of her care as her children, and were to take directly as purchasers from her.

Her daughter died without leaving surviving issue, and the fundamental question in controversy is whether the half of the estate set apart for her and her children has, under that condition of things, been disposed of by the will. It is contended by the executor of the son's will that the phrase "if she die without such children or their issue surviving her," was used by the testatrix solely in reference to the contingency of Mrs. Bailey's death after her own; that it does not appear that the daughter was the survivor; and so that the remainder, being limited to take effect only in that event, failed, and this half of the estate became intestate, and went to his testator as the sole heir at law.

Undoubtedly the testatrix contemplated the possibility or probability that her daughter would survive her. Her first care was to provide for that event by securing to her a life estate. But the words used for that purpose were also such as to give the daughter's children, if any, an estate in fee immediately upon the decease of the testatrix, should she survive the daughter. The vesting of a prior life estate was not made a condition precedent to the vesting of the remainder created in their favor. Whether Mrs. Bailey were to die before or after Mrs Strong would have no effect upon the remainder, except so far as her survival might postpone the period of its enjoyment.

The secondary provision by way of cross-remainder for the son and his children, must be read in the light of what preceded it. Used to qualify a devise in fee, the words, by a familiar rule of construction, would be taken *prima facie* to refer to a dying without issue in the lifetime of the testatrix. *Lawlor* v. *Holohan*, 70 Conn. 87, 90. But this rule has no application where the prior estate is one for life in the first taker with a vested remainder in his children. *Mullarky* v. *Sullivan*, 136 N. Y. 227.

Nor, on the other hand, can the phrase in question be properly read as equivalent to "if she die after me without such children or their issue surviving her." There was no

reason for sending this half of the estate to the son and his children, if his sister outlived the testatrix, which if she died either before her or at the same moment of time, would not apply with equal force. In either event, to satisfy the main intent of the will, it was necessary that he and his children should take, for thus only could the property be unalterably preserved in the family to the second generation.

It is therefore of no consequence whether Mrs. Bailey did or did not survive her mother. A daughter of the son survived her, whose interest, now held by her trustee, became by her father's death an absolute fee simple in the entire estate.

The Superior Court is advised that each of the first four questions reserved for our advice is immaterial; that the phrase "die without such children or their issue surviving her" does not refer solely to the death of the daughter before the death of her mother; that no part of the estate of the testatrix was intestate; and that Kate Fearing Strong took a vested remainder in the whole of said estate immediately upon the death of the testatrix.

In this opinion the other judges concurred.