AMOS A. BROWNING ET AL., ADMINISTRATORS, *vs.* DELIA A.
SOUTHWORTH ET AL.

Second Judicial District, Norwich, October Term, 1898. ANDREWS, C. J.,
TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

The testatrix, a married woman, gave by her will to her husband the
life use of the residue of her property, and then bequeathed $20,000
at his death to S, if then living, if not to her (S's) issue; the will
then provided that if S should die leaving no issue, said sum of
$20,000 " or any portion thereof remaining unexpended at her death,"
should be distributed to the children of the testatrix's brothers, to
whom, upon the death of her husband, the residue of the estate was
given, " excepting therefrom the above-named legacy of $20,000, pro-
vided said S or her issue be living to take the same " at her husband's
death. S survived the testatrix and also her husband. In a suit to
determine the construction of the will, it was *held* that the clearly
expressed intent to give the $20,000 to S absolutely, in case she sur-
vived the donor's husband, was not to be overborne and the gift cut
down to a life estate, by the reference to a possible unexpended bal-
ance remaining at the death of S; and therefore that S took the
legacy in fee simple.

Argued October 18th—decided November 29th, 1898.

SUIT to determine the construction of the will of Sarah
Avery of Norwich, deceased, brought to the Superior Court
in New London County and reserved by that court, *Robin-
son, J.*, upon the facts alleged in the complaint, for the con
sideration and advice of this court.

The case is sufficiently stated in the opinion.

*Amos A. Browning*, for the plaintiffs.

*Gardiner Greene*, for Lucy L. Greenman et al., defendants.

*Charles F. Thayer*, for Delia A. Southworth, defendant.

ANDREWS, C. J. The will after making certain bequests,
contained the following provision: " *Tenth.* To my beloved
husband, Oliver Perry Avery, I give, devise and bequeath
the use, income, profit and improvement of all the rest, resi-

due and remainder of my estate of every name and nature, for and during the term of his natural life. *Eleventh.* At the death of my said husband I give and bequeath to Delia A. Southworth the sum of twenty thousand dollars to her sole and separate use, should she then be living; or if she then be not living but leave issue, then, in that event I give and bequeath said twenty thousand dollars to her said issue share and share alike. And should the said Delia die leaving no issue, it is my will that said sum of twenty thousand dollars or any portion thereof remaining unexpended at her death, shall be distributed according to the terms of item ' Twelfth ' next following. *Twelfth.* I give, devise and bequeath unto Lucy L. Greenman, Mary F. Loring, George H. Loring, William L. Loring, Henry K. Loring and Robert H. Loring, children of my two brothers William Loring and George Loring, all the rest, residue and remainder of my estate the use of which is bequeathed to my husband by item ' Tenth,' excepting therefrom the above-named legacy of twenty thousand dollars, provided said Delia A. Southworth or her issue be living to take the same at his death; one half of said rest, residue and remainder to be equally divided among the above-named children of my brother William, and the other half to be equally divided among the above-named children of my said brother George. If either or any of said children shall die prior to the death of my said husband, then in that event I give, devise and bequeath the share of said deceased to his or her children."

The court found that the testatrix died on the 11th day of October, 1897, and that her will was duly proved and established in the Court of Probate; that her husband, the said Oliver Perry Avery, died on the 29th day of December next following; and that the said Delia A. Southworth is still living, is forty-three years old, has been married ten years, and has never had any child.

Certain questions respecting the said legacy of $20,000 are reserved for the advice of this court.

The question whether or not the words of a will give to the legatee or devisee an absolute property in the subject of

the legacy or devise, or only a life estate therein with a remainder over, has been many times before this court. In a very recent case, *Mansfield* v. *Shelton*, 67 Conn. 390, 394, numerous instances are cited, and it is said that "these decisions are in harmony, and consistent with each other, and they establish certain rules or principles as the settled law of this State." The first is this: "If the primary gift conveys and vests in the first taker an absolute interest in personal, or an absolute fee simple in real, property, it exhausts the entire estate, so that there can be no vested remainder." And the third is: "An express gift in fee will not be reduced to a life estate by mere implication from a subsequent gift over, but may be by subsequent language clearly indicating intent and equivalent to a positive provision."

The language of the eleventh paragraph of Mrs. Avery's will indicates a clear intent by her to give to Mrs. Southworth, if she should be living at the death of O. P. Avery, an absolute interest in the sum of $20,000. Mrs. Southworth was living at the death of Mr. Avery, and such interest vested in her. The intent of Mrs. Avery to give the absolute interest to Mrs. Southworth is made even more positive by the language of the twelfth paragraph of the will, where the same $20,000 is excepted out of the residue of her estate which the testatrix gave to her nephews and neices. This intent is so clear and unambiguous, that the other words of the eleventh paragraph of the will, in respect to a possible unexpended balance remaining at the death of Mrs. Southworth, do not change it. It is the duty of the administrator to pay this sum to Mrs. Southworth.

The Superior Court is advised in answer to the first question, that Delia A. Southworth took an absolute property in the said sum of $20,000. The other questions then become unimportant.

In this opinion the other judges concurred.