CAROLINE F. HULL *vs.* WOLCOTT A. HULL ET ALS.

First Judicial District, Hartford, October Term, 1924.

WHEELER, C. J., BEACH, CURTIS, KEELER and KELLOGG, Js.

A clause in a will providing that "at the decease" of a donee in fee the property should be equally divided among certain named persons, will be construed to refer only to the donee's death during the lifetime of the testator, unless a contrary intent is clearly indicated.

A positive testamentary gift in fee will not be cut down to a life estate by a subsequent clause of doubtful or uncertain meaning. To accomplish such a result the qualifying language must be as pointed and direct as the terms of the gift.

By the first clause of her will a widow gave all her property, worth not more than $20,000, to her two daughters, their heirs and assigns forever, to be equally divided between them; and in the second clause provided that "at their decease, if childless," the property should be divided among others. When the will was executed the mother was sixty-eight years old, one daughter was forty-six and the other forty-three. The daughters survived their mother, but neither married and each daughter left her property by will to the other, the plaintiff surviving. *Held* that the foregoing rules or principles of construction were applicable, under either of which the plaintiff took the entire property absolutely and in fee simple.

Argued October 7th—decided December 1st, 1924.

SUIT to determine the rights of the respective parties in and to certain real estate and personal property under the wills of Sarah and of Marietta W. Hull, late of Clinton, deceased, brought to and reserved by the Superior Court in Middlesex County, *Hinman, J.,* upon an agreed statement of facts, for the advice of this court.

John L. Hull, of Clinton, died May 3d, 1862, intestate, leaving both real and personal property. Surviving him was his widow, Sarah Hull, and two daughters, Marietta W. Hull and the plaintiff, Caroline F. Hull, and after his decease the widow and daughters entered into possession of this property and were in such possession upon the death of the widow on May 14th,

1891. On November 5th, 1877, Sarah Hull made her will in part as follows: "First: I give, devise and bequeath to my daughters Marietta W. Hull, and Caroline F. Hull, their heirs and assigns forever, all my property both real and personal that I may possess at the time of my decease, the same to be equally divided between them. Second: At the decease of my two daughters if childless it is my will that the same be equally divided between Emily C. Hull, Wolcott A. Hull, Richard L. Hull and John A. Hull, one half to Emily C. and the other half to W. A., R. L. and J. A. Hull, or their heirs and assigns forever." On the same day Marietta W. Hull made a will the first two clauses being identical in terms with those of her mother, except that she devised and bequeathed all her property to her mother and sister Caroline. On the same day Caroline F. Hull made a will identical with her sister Marietta's, except that she devised to Wolcott A. Hull the real estate and bequeathed the remainder of her property to her mother and Marietta. Upon the death of Sarah Hull nothing was done in the settlement of her estate other than to prove the will. Marietta and the plaintiff continued on in the possession of the property left by Sarah Hull until the death of Marietta on October 9th, 1909. The property of Marietta was appraised in the inventory of her estate at $10,095.91. No distribution of her estate was made by order of court. Since the death of Marietta, the plaintiff, Caroline, has been in possession of the real estate of which John L. Hull died possessed and also of considerable of the personal property owned by him at his decease. A conservator was appointed over Caroline and the executor under the will of Marietta turned over to him $9,914.78 in cash or securities which included what then remained of all the property which Sarah and Marietta Hull had at the time of their death. Since the appointment of

the conservator over Caroline, the income from the property so delivered to him has been insufficient to pay the expenses of her care and he has expended from the principal for this purpose $3,379.78.

The additional circumstances surrounding Sarah, Marietta and Caroline at the making of their wills on July 5th, 1877, were these: Sarah was sixty-eight years and seven months old; Marietta forty-five years and eleven months, and Caroline forty-three years and three days old. Caroline and Marietta were single and they never married.

John L. Hull and his brother Alfred were in business together and the property John L. left was acquired in this business. Emily Hull, named in the second clause of Caroline's will, was a sister of John L. Hull. Wolcott A. Hull, John A. Hull and Richard L. Hull were the only children of Alfred Hull. The families of John L. and Alfred always lived on terms of intimacy and affection. After the death of John L. his brother Alfred took charge of the financial affairs of Sarah, Marietta and Caroline, and after his death his son Wolcott continued in this charge until the appointment of a conservator over Caroline, which appointment was made upon his application. Caroline wrote a letter in the last year of Marietta's life to her cousin, John A. Hull, in which she said: "We have heard that we have made Cecil Jackman our heir to the Hull property. Richard has also heard it. We have never even thought of such a thing. Indeed, we should feel that it was entirely out of place and against our father's, mother's and aunt's wishes. The property coming from the Hulls belongs to you three boys when we have done with it." The three boys referred to are those named in the second clause of the wills of Sarah, Marietta and Caroline, and are defendants herein.

Caroline is now eighty-nine years of age and the in-

come from the said real estate and the personal property in the hands of the conservator is insufficient to pay for the care of Caroline.

The questions upon which the advice of this court is asked are five; but in the view reached by the court the answer to the first question makes it unnecessary to answer the other questions specifically. Question (a) is: "Whether or not plaintiff, Caroline F. Hull, has title in fee simple absolute to all of the real estate described and has absolute title to the personal property."

*Harrison Hewitt* and *Austin A. King*, for the plaintiff.

*William B. Ely*, for the defendants.

WHEELER, C. J.   The first clause of the will of Sarah Hull devises and bequeaths all of her property to her daughters Marietta and Caroline. The second clause provides that "at the decease of my two daughters if childless it is my will that the same be equally divided between . . . or their heirs and assigns forever." The question for our advice is whether the second clause cuts down the devise and bequest of the first clause to a life use and gives the fee to the persons therein named. From two grounds, quite independent of each other, the only construction permissible under our law is that the second clause is ineffective to cut down the fee, given by the first clause, to a life estate. The language of the second clause, "at the decease of my two daughters if childless," is susceptible of two meanings: if they shall die before the testatrix, or if they shall die at any time prior to or subsequent to the decease of the testatrix. Unless this clause, construed in the light of the circumstances under which it was written, shows that the testatrix used it in the second of these meanings, it will, under the rule of construction which we have heretofore

adopted in construing like language, be construed to have been used in the first of these meanings and to refer to the decease of the legatees prior to that of the testatrix.

In *Walsh* v. *McCutcheon*, 71 Conn. 283, 41 Atl. 813, we were required to construe the second clause of the seventeenth paragraph of a will which read: "If the said Oliver D. Mead should die without leaving any heirs, then in that event, I give my real estate to Augustus I. Mead, to him and his heirs forever," when the first clause of the paragraph devised an absolute estate in fee simple in the lands attempted to be devised in the second clause. At page 287, we say: "There is another rule of construction which has been followed many times by this court, and which is decisive of this case. It is, that when in a will an estate in fee is followed by an apparently inconsistent limitation, the whole should be reconciled by reading the latter disposition as applying exclusively to the event of the prior devisee in fee dying in the lifetime of the testator. The intention of the testator being, it is considered, to provide a substituted devisee in case of a lapse. This construction gives effect to all the words of the will and makes all its parts consistent." See also *Lawlor* v. *Holohan*, 70 Conn. 87, 90, 38 Atl. 903.

The two daughters did not predecease the testatrix, and under this construction the second clause ceased to operate, and hence the two daughters took the property devised and bequeathed in the first clause of this will in fee and absolutely.

We reach the same point by another way. The primary question in the construction of this will is the ascertainment of the intention of the testatrix. Did this testatrix intend to devise and bequeath to her two daughters all of her property absolutely, or merely a life use? Rules of construction relating to wills are de-

signed as aids to the discovery of this intention. They are the growth of a long and broad experience arising out of the considered construction of many wills. A fundamental and unvarying rule of construction forbids the cutting down of an express and positive devise in fee, or bequest absolute in terms, in one clause, to an inferior or lesser estate by another clause, unless the second clause expressing the lesser estate indicates a clear intention that the greater estate shall be cut down to the lesser estate. That intention can only be found when the lesser estate is expressed in positive terms and in language which is unambiguous and incapable of any but the one meaning.

In *Fanning* v. *Main,* 77 Conn. 94, 58 Atl. 472, article nineteen of the will under construction gave to each daughter an absolute share in one third of the residue. Article twenty-four directed the executors to pay to them the income of their shares of residue for life. On page 99, we state: "No express gift of the principal is made in article 24 to their heirs: there is only a direction to pay. It is a sound rule of construction that an express and positive devise in fee cannot be cut down to an inferior estate by a subsequent clause in the will, unless that be equally express and positive. A mere implication is not enough. . . . The terms of article 24 are consistent with the supposition that the testator intended to leave these children invested with the same estate which he had given them by article 19, and desired only to control their enjoyment and disposition of it by leaving the property in the hands of his executors for their benefit during their lives and sending it upon their decease to their heirs at law. This was to impose conditions repugnant to the estate, and in such cases the estate stands and the condition falls."

In *Mansfield* v. *Shelton,* 67 Conn. 390, 394, 35 Atl. 271, we summarize some of our settled rules of construc-

tion of wills and thus state the third of these: "An express gift in fee will not be reduced to a life estate by mere implication from a subsequent gift over, but may be by subsequent language clearly indicating intent and equivalent to a positive provision."

The ninth clause of the will under construction in *Strong* v. *Elliott*, 84 Conn. 665, 81 Atl. 1020, bequeathed $15,000 absolutely to Jennette L. Gaylord, while the tenth clause provided: "In case of the decease of the said Jennette L. Gaylord without issue, then it is my will that the above legacy be equally divided between" four named persons. In the course of our opinion we say: "Turning now from the clear and positive provision of paragraph nine, making in express terms an absolute gift, to the subsequent provision in paragraph ten, which is relied upon as cutting it down, we find that the latter paragraph is one of uncertain meaning. . . . In other words, the attempt here is to cut down an absolute gift upon the strength of an ambiguous expression. " See, also, *Phelps* v. *Bates*, 54 Conn. 11, 5 Atl. 301; *Clark* v. *Baker*, 91 Conn. 663, 101 Atl. 9; *Meriden Trust & Safe Deposit Co.* v. *Squire*, 92 Conn. 440, 103 Atl. 269; *Burr* v. *Tierney*, 99 Conn. 647, 122 Atl. 454; *Browning* v. *Southworth*, 71 Conn. 224, 41 Atl. 768.

It may be conceded that "It is my will" is a broader term than "It is my desire or my wish"; even so, it remains true that the contention of the defendants rests on implication. The second clause does not state what shall happen upon the contingency of the daughters, one or both, dying leaving children. It does not say that in that event the two daughters will take, under the first clause, an absolute estate. This is left open to implication. Apparently this second clause is a devise and bequest of all the testatrix's property to named persons upon the decease of her two daughters if they die childless. Yet it does not provide that in such contingency

the daughters shall have the use and income of all the property until their decease. This, too, is left open to implication. A clause of a will open to implication is not the express and positive devise and bequest, free from doubt and ambiguity, which will cut down a devise in fee to a lesser estate. We cannot hold that the testatrix intended by the second clause of her will that her two daughters should not take under the first clause a transmissible estate. The results which might have followed from a construction of the second clause in accordance with the defendants' claim, is strongly indicative that neither Sarah nor Marietta Hull intended such construction. At this time Sarah was sixty-eight, Marietta forty-six and Caroline forty-three. They lived on terms of the utmost amity and affection. The property left by John L. Hull did not exceed $20,000 in value. Just what it was on July 5th, 1877, does not appear in the statement of facts, but that it had shrunk is a reasonable inference. It is hardly probable that this mother would have limited her children's use of this property to a life use when it might not prove sufficient to meet their wants. The love of the mother, and her consideration of the future needs of her daughters, forbid a conclusion that she knowingly intended to subject her daughters in their old age to meet the hazards and misfortunes of life, as well as the necessities of existence, upon so small an income as she must have known this little property would produce. The total value of the property from which Caroline is supported is in its income insufficient to meet the expenses of her care. This is a situation which the mother might in 1877 have anticipated. In the will before us for construction in *Meriden Trust & Safe Deposit Co.* v. *Squire*, 92 Conn. 440, 446, 103 Atl. 269, one clause devised a fee in certain real property and in a later part of the same clause it apparently gave a life use. We review the circumstances

surrounding the testatrix at the making of her will and then say (p. 448): "Considering these circumstances and looking at the will no further than the first proviso, it would be hard to believe that the testatrix intended to make a disposition of her property which might easily lead to such results, and much more reasonable to believe that her intention was to confine the operations of the defeasance clause, embodied in the first proviso, to the period during which the property was to remain in the hands of the executor awaiting Ruth's arrival at full age. In aid of this conclusion would be the familiar principles of law that the law favors the early vesting of estates, prefers the first to the second taker, and looks with disfavor upon defeasance provisions."

These considerations apply with equal force to the provisions of the will before us. We do not read the letter of Caroline written in the last year of Marietta's life, on which defendants rely, as expressing her intention to leave to defendants the property held by her and Marietta, as defendants do. When Caroline says: "The property coming from the Hulls belongs to you three boys when we have done with it," we are inclined to think that she intended to say that whatever was left of this property would be left to the three boys. Though the inference to be drawn from it were such as defendants draw, that fact alone could not overcome the considerations which have led to our construction of the second clause.

The considerations which we have found applicable to the construction of the clauses of the will of Sarah Hull are likewise applicable to the first and second clauses of the will of Marietta Hull. The provision in the second clause, "At their decease," means at their decease during the lifetime of the testratrix. Caroline has title in fee simple absolute to all of the real estate and absolute title to all of the personal property devised

and bequeathed under the first clause of the will of Marietta.

We answer question (a), that Caroline F. Hull has title in fee simple absolute to all of the real estate described, and has absolute title to the personal property.

No costs will be taxed in this court.

In this opinion the other judges concurred.