RAYMOND H. BURNHAM vs. MARY H. BURNHAM ET ALS.

First Judicial District, Hartford, October Term, 1924.
WHEELER, C. J., BEACH, CURTIS, KEELER and KELLOGG, Js.

It is a well-settled rule of testamentary construction in this State that, unless a contrary intent appears, a devise over, provided the first devisee should die "without leaving any issue," takes effect only when the first devisee dies without issue during the lifetime of the testator; if the first devisee survives the testator, he takes an absolute estate.

The testator, in the present case, devised to his wife her statutory share in his estate and then, after making absolute gifts of the residue, appointed his wife executrix "with power on her part, if her necessities so require, to encroach upon the principal of my estate to such an extent as to make her comfortable." *Held* that the privilege of the wife to use the principal was limited to the period of the settlement of the estate, since to extend it further would defeat the entire scheme of the will and would violate the principle that absolute gifts will not be cut down by implication but only by language so manifest and positive as to make the testator's intention clear and definite.

Argued October 7th—decided December 1st, 1924.

SUIT for the construction of the will of John H. Burnham, late of East Hartford, deceased, brought to and reserved by the Superior Court in Hartford County, *Hinman, J.*, upon an agreed statement of facts, for the advice of this court.

John H. Burnham died on April 6th, 1915, seized and possessed of real and personal property in value about $25,000. The clauses of his will upon which the advice of this court is asked are the following:—

"Second: I give and bequeath to my beloved wife, Mary H. Burnham, all such interest in my estate as she would take under and by virtue of the statute if this will were not executed.

"Seventh: In case of the death of either or both of

my two sons, George Forbes Burnham and Raymond Henry Burnham, without leaving any issue, it is then my will that the share of said decedent or decedents be equally divided between my two daughters, Florence Genevra Prouty and Eva Elizabeth Jones, in FEE SIM-PLE ABSOLUTE FOREVER.

"Eighth: All the rest, residue and remainder of my estate, including the household furniture, new Chickering piano, and all silverware, I give, bequeath and devise to my two sons, George Forbes and Raymond Henry Burnham; and in case of the death of either or both of them without leaving any issue, then said residue and remainder is to go equally to my two daughters, Florence Genevra Prouty and Eva Elizabeth Jones, according to the terms and provisions of Paragraph six of this my last will and testament.

"Ninth: I hereby nominate and appoint my beloved wife, Mary H. Burnham, executrix of this my last Will and Testament, with power on her part, if her necessities so require, to encroach upon the principal of my estate to such an extent as to make her comfortable. It is my further will that my estate shall be so managed by said executrix that no portion thereof shall come under the control, directly or indirectly, of Charles F. Olin, husband of my daughter, Annie May. And it is also my will that my said wife shall serve as executrix without any bond being required of her for the execution of her trust."

After the death of John H. Burnham the will was duly admitted to probate on April 21st, 1915, and the widow of the deceased, Mary H. Burnham, duly qualified as executrix and proceeded with the settlement of the estate. John H. Burnham and Mary H. Burnham were married prior to April 20th, 1877, and the widow, Mary H. Burnham, and five adult children survived him, and are now living and all were named as beneficiaries

in the will.   The final account of the executrix has been filed and accepted in the Court of Probate, and the estate fully settled, except that the distribution of the estate, of which there remains a considerable amount of both real and personal property, has not been made.

The questions which are determinative of all the questions upon which advice is asked are the following:

1st. Whether the devise of real estate to the two sons of the deceased, as provided in the third section of said will, passed full title to such real estate to said sons at the death of the testator (subject to the widow's statutory rights); or whether title to said real estate in said sons is limited by the provisions of the seventh section of said will?

2d. Whether the daughters of the deceased testator, Florence Genevra Prouty and Eva Elizabeth Jones, have any interest or property in said estate under the seventh and eighth sections of said will?

4th. Whether under the ninth section of said will the widow of the testator, Mary H. Burnham, has power or authority to receive, appropriate or expend any portion of the principal of said estate for her own personal use or support?

5th.   Whether the provisions of the ninth section of said will apply to the period of settlement only, or during the widow's life?

*Herbert O. Bowers,* for the plaintiff.

*Henry H. Hunt,* for the defendants.

WHEELER, C. J.   The third clause devises all of the testator's real estate to his two sons, George F. and Raymond H. Burnham.   The seventh clause provides that in case of the death of either or both of said two sons, without leaving any issue, the real estate so de-

vised to his two sons shall be equally divided between his two daughters, Florence and Eva, in fee simple absolute forever.  The absolute devise of the third clause might be cut down to a lesser devise by a subsequent provision clearly showing that it was the testator's intention to give such lesser estate.  There are no extraneous circumstances nor other provisions of the will to aid in ascertaining the intention.  We are left to ascertain it from the construction of these two clauses.  The rule of construction settled by our repeated decisions is, "that when in a will an estate in fee is followed by an apparently inconsistent limitation, the whole should be reconciled by reading the latter disposition as applying exclusively to the event of the prior devisee in fee dying in the lifetime of the testator."  *Walsh* v. *McCutcheon*, 71 Conn. 283, 287, 41 Atl. 813; *Lawlor* v. *Holohan*, 70 Conn. 87, 90, 38 Atl. 903; *Hull* v. *Hull*, 101 Conn. 481, 126 Atl. 000.  Since the two sons named in the third clause were living at the time of the testator's death, the daughters named in the seventh clause take nothing under this clause.

The eighth clause devises and bequeaths the residue of the estate to his two sons and then provides that in case of the death of either or both without leaving any issue, the residue shall go to the two daughters to whom he had made a like devise of the real estate.  The same rule of construction governing the construction of the third and seventh clauses must govern the construction of the eighth clause and for like reason.  Since the sons survived the testator, the provision for the daughters became inoperative.

In the second clause of his will, the testator gives to his wife "all such interest in my estate as she would take under and by virtue of the statute if this will were not executed."  The ninth clause of the will provides: "I hereby nominate and appoint my beloved wife,

Mary H. Burnham, executrix of this my last Will and Testament, with power on her part, if her necessities so require, to encroach upon the principal of my estate to such an extent as to make her comfortable."

The will has disposed of the entire estate preceding the ninth clause, giving to the five children the entire estate absolutely, except that the statutory share left to his wife is subject to her life use. If the ninth clause shall be construed to give the widow the right to take, if her necessities so require, the principal of the estate to such an extent as to make her comfortable, the entire estate must be held in trust during the life of the widow and the entire scheme of the will defeated. The absolute gifts would be cut down by language which at best is not so manifest and positive as to make the intention of the testator to do this clear and definite, and the purpose would be accomplished by mere implication. Such a result cannot be achieved under our rules of construction by such methods. *Hull* v. *Hull*, 101 Conn. 481, 126 Atl. 000; *Strong* v. *Elliott*, 84 Conn. 665, 670, 81 Atl. 1020. The ninth clause is susceptible of another construction which will not cut down the fees and absolute estates given, to the contingency of having them exhausted in whole or in part and their possession in any event postponed until the death of the widow. That construction is that the testator intended to give his widow the right, if her necessities required it, to use the principal of his estate to such an extent as to make her comfortable during the period of the settlement of the estate in order to make provision for the support and comfort of his widow during this time and not compel her to apply to the Court of Probate for an allowance, and this is the construction of which we approve. Five of the six children request us to construe this will as the widow requests. Our rules of construction prevent our compliance with their generous desire. It has

not escaped the notice of the court, nor we conceive their notice, that they may by their agreement reach the same result they ask the court to reach as to five-sixths of this estate.

We answer: Question one, that the devise to the two sons as provided in the third clause of the will passed the absolute title to the sons at the death of the testator, subject to the widow's statutory share, and is not cut down by the seventh clause. Question two, that the daughters have no interest in the estate under the seventh and eighth clauses of the will. Questions four and five, that the executrix has power to appropriate or expend, and the widow power to receive, any portion of the principal of the estate which is required to meet her necessities and make her comfortable during the settlement of the estate.

No costs will be taxed in this court.

In this opinion the other judges concurred.