WILLIAM J. SCANLIN *vs.* VENDLA C. PETERSON.

Third Judicial District, Bridgeport, October Term, 1926.

WHEELER, C. J., CURTIS, MALTBIE, HAINES AND HINMAN, Js.

A provision in a will is not to be construed as cutting down the positive devise of an estate in fee to a lesser or inferior estate, unless it is expressed in language which is unambiguous and capable of but one meaning.

If the devise of an estate in fee is followed by an apparently inconsistent limitation, the whole should be reconciled by reading the latter disposition as applying exclusively to the event of the devisee's death in the lifetime of the testator.

The testator in the present case left the life use of all his estate to his widow, subject to the right of his adopted son and the latter's family, if he should have any, to occupy the homestead; and then provided that, if the son should die before the widow leaving no descendants, she should receive $800. *Held* that the testator contemplated a joint occupancy of the homestead by the son and his family and a continuance of his life use during such occupancy; and that there vested in the widow alternate interests: first, the life estate, effective in any event, and, second,

the additional bequest dependent upon the existence at the son's death of the specified conditions.

The will also gave to the son the remainder in fee of the entire estate, provided, however, that if he should die without descendants but leaving a widow, the latter should, after the death of the testator's widow, have a life use, with remainder to the three nephews of the testator. *Held* that these provisions were ineffective to cut down the son's remainder in fee to a lesser estate, since each of them must be taken, under the language of the will and the general rules of testamentary construction, to refer only to the event of the son's death during the life of the testator.

Argued November 10th—decided December 16th, 1926.

ACTION for a judgment declaring that a deed tendered by the plaintiff to the defendant in performance of a contract for the sale of real estate conveyed a good and valid title in fee simple, and for other relief, brought to the Superior Court in Fairfield County and reserved by the court (*Booth, J.*), upon an agreed statement of facts, for the advice of this court.

The plaintiff, William J. Scanlin, is an adopted son of James Scanlin, who died leaving a will dated December 20th, 1886. This will was admitted to probate by the Court of Probate for the district of Danbury and the estate was settled in that court. The following are the paragraphs of the will which are material to the present inquiry: "Second: I give to my wife, Martha Scanlin the use, improvement and income of all my estate both real and personal during the rest of her natural life, subject to the right of my adopted son William James Scanlin and of his family (if he have one) to make it his and their home on said premises. But if said adopted son William James Scanlin shall not survive my said wife and shall not leave a wife or widow or children or grandchildren surviving my said son then I give, bequeath and devise to my said wife the sum of eight hundred dollars ($800), to her and her heirs and assigns forever—absolutely.

"Third: I give, devise and bequeath to my said adopted son William James Scanlin to him, his heirs and assigns forever all my estate both real and personal subject to the life use of my wife Martha as aforesaid provided however if the said William James shall not leave a child or grand-child surviving him at his decease then if he shall leave a widow or wife his said widow or wife shall have a right to make it her home on said premises and after the death of my said wife Martha the said wife or widow of said William James Scanlin shall have the use and improvement of all the rest and residue of all my estate both real and personal during her natural life.

"Fourth: In case my said adopted son William James Scanlin shall die without leaving a child or grand-child surviving him (said William James Scanlin) then all the rest residue and remainder of all my estate both real and personal subject to all the provisions above mentioned shall be and they are hereby given, devised and bequeathed in equal proportions to and among my nephews William Scanlin, Luke Scanlin, John Scanlin, their heirs and assigns forever, my said nephews are now residing in Delaware County, and State of Iowa."

Martha Scanlin, wife of the testator, survived him, but died May 24th, 1915. They left no issue. The plaintiff has never married.

The questions propounded are: "(1) Whether, under the will of James Scanlin, the plaintiff takes an estate in fee after the death of Martha Scanlin, or only a life estate? (2) Whether the estate of William J. Scanlin is only a life estate until it shall be determined by his death whether he leaves surviving him a widow, children or grandchildren? (3) Whether the gift to William J. Scanlin in the provisions of the first three lines of the third paragraph of the said will of James Scanlin

of an absolute estate in fee simple is limited or reduced to a life estate by the further provisions in the remainder of said paragraph? (4) Whether after the death of Martha Scanlin the estate of William J. Scanlin became postponed to a life estate in the wife, if any, of William J. Scanlin?"

*George E. Beers* and *Samuel A. Davis,* for the plaintiff.

*Henry C. Wilson,* for the defendant.

HINMAN, J. The intent and effect of the second paragraph of the will are unmistakable. The right therein given to William Scanlin and his family to make their home on the premises in which the testator's wife, Martha, was given a life estate contemplated, as to his "family," a joint occupancy, with him, and a continuance of his life use during such occupancy of the premises. The succeeding sentence has no reference to that occupancy, but deals solely with the conditions under which a bequest to the testator's wife of $800, in addition to her life estate, might become effective, i.e., only if William die before her leaving no widow or children or grandchildren surviving him. This paragraph vested in the testator's widow alternate interests; the first, the life estate, effective in any event; the second, the additional bequest, dependent upon the existence, at William's death, of the conditions specified. *Allen* v. *Almy,* 87 Conn. 517, 523, 89 Atl. 205. Since William survived her, the only present importance of this clause is such assistance as it may afford in construing the further provisions of the will.

The first portion of the third paragraph—"I give, devise and bequeath to my said adopted son William

James Scanlin to him, his heirs and assigns forever all my estate both real and personal subject to the life use of my wife Martha as aforesaid" (in paragraph second) is, taken by itself, ample to pass a fee, subject only to the life use of the testator's widow. The question to be determined is whether that which follows the above quotation is to be given such effect as to further modify and reduce this fee by imposing upon it a life use in a widow of William if, although he survived the testator's widow, he should, upon his subsequent decease, leave no surviving child or grandchild but should leave a widow. The answer depends upon whether the decease of William, therein mentioned, means his death during the life of the testator, or during the life of the testator's widow, or at any time after the death of the testator, whether before or after the death of the widow.

The decease of William, mentioned in the second paragraph of the will, expressly refers to his death before that of the testator's widow. One phrase in the third paragraph may be taken as a significant indication that his decease as therein referred to is used in the same sense as in the preceding paragraph. It is provided that if at his decease (not leaving a child or grandchild), he shall leave a widow, she "shall have a right to make it her home on said premises" (the premises mentioned in the second paragraph) "and *after the death of my said wife Martha*" she shall have the life use of the residue of the estate. The words which we have italicized are unnecessary and inappropriate if decease of William after that of Martha is referred to. On the other hand, they are applicable to and consistent with the situation which would have been created had William died, leaving a widow, prior to the death of Martha.

Such a construction derives additional support from

consideration of the practical results which would ensue from a contrary view. It cannot be supposed that the testator contemplated or intended that the fee which he clearly purposed to pass to William, if he was in a situation to take it, should remain, during the entire life of William, subject to potential rights of a wife whose existence was, at the time, and remains, only an increasingly remote possibility. *White* v. *White,* 52 Conn. 518, 522.

However, even if this provision be not accorded such effect as to make it clear that the decease of William, for the purposes of this paragraph, means his death before Martha, the language is, at least, susceptible of that meaning as well as to decease in the lifetime of the testator or to death at any time after that of the testator. Certain settled rules of testamentary construction then become applicable and operative. One of these is that an express and positive devise of an estate in fee followed by a provision capable of construction as cutting down the fee to an inferior or lesser estate will only be so construed "when the lesser estate is expressed in positive terms and in language which is unambiguous and incapable of any but the one meaning." *Hull* v. *Hull,* 101 Conn. 481, 486, 126 Atl. 699; *Burnham* v. *Burnham,* 101 Conn. 529, 126 Atl. 704; *Fanning* v. *Main,* 77 Conn. 94, 58 Atl. 472; *Mansfield* v. *Shelton,* 67 Conn. 390, 394, 35 Atl. 271; *Burr* v. *Tierney,* 99 Conn. 647, 651, 122 Atl. 454; *Meriden Trust & Safe Deposit Co.* v. *Squire,* 92 Conn. 440, 103 Atl. 269; *Clark* v. *Baker,* 91 Conn. 663, 666, 109 Atl. 9; *Strong* v. *Elliott,* 84 Conn. 665, 671, 81 Atl. 1020.

Equally well established is the rule that " 'when in a will an estate in fee is followed by an apparently inconsistent limitation, the whole should be reconciled by reading the latter disposition as applying exclusively to the event of the prior devisee in fee dying in

the lifetime of the testator.' " *Hull* v. *Hull, supra,* 485; *Walsh* v. *McCutcheon,* 71 Conn. 283, 41 Atl. 813; *Meriden Trust & Safe Deposit Co.* v. *Squire, supra,* 447; *Lawlor* v. *Holohan,* 70 Conn. 87, 90, 38 Atl. 903, and cases cited; *Gay* v. *Dibble,* 72 Conn. 590, 45 Atl. 359.

Since William J. Scanlin did not predecease the testator, the gift of the life use to his widow never became effective unless the intention of the testator, gathered from the entire will, was that the widow of William should take the life use whenever William should die, whether before or after the decease of the testator. We find in the provisions of the will no expression of such an intent; indeed, as is above indicated, the intent, so far as expressed, is to the contrary. Under our rules of law, therefore, the provision for a life estate in the widow of William is not to be construed as being intended to take effect in case of his decease after that of the testator, but only if he died before the testator.

The question presented by the fourth paragraph of the will—whether the gift over to the testator's nephews cut down the prior devise, under paragraph third, of the fee to William—is governed by the same rules of law to which we have adverted. Under these rules the fee is not to be cut down by the subsequent gift over, since it is presumed that such gift was intended to take effect only upon the decease of William before the testator, unless the will exhibits a contrary intent, and this it does not do.

Our answer to the first question reserved—that the plaintiff takes an estate in fee after the death of Martha Scanlin—also sufficiently covers the remaining questions.

No costs will be taxed in this court.

In this opinion the other judges concurred.