JOSEPH F. KEELEY *vs.* PETER ZMINDAK.

Third Judicial District, New Haven, January Term, 1927.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and SIMPSON, Js.

A provision in a will, following a devise in fee, that in the event of the devisee's death, the estate shall pass to another, is to be construed as applying only to the case of the devisee's death during the testator's lifetime.

Argued January 20th—decided March 5th, 1927.

ACTION for specific performance of a contract for the sale of real estate, brought to the Superior Court in Fairfield County and reserved by the court (*Banks, J.*), upon an agreed statement of facts, for the advice of this court. *Superior Court advised that plaintiff took and now has an estate in fee.*

*Arthur B. Weiss*, with whom, on the brief, was *Bernard P. Saltman*, for the plaintiff.

*George Ferrio, Jr.*, for the defendant.

HINMAN, J. Catherine F. Fagan, mother of the plaintiff, died November 23d, 1916, leaving a will the material provisions of which are as follows:

"I give, devise and bequeath to my husband Edward F. Fagan, the life use of all my property, both real and personal.

"At the death of said husband, all property, both real and personal, shall pass to my son Joseph F. Keeley.

"Should the said Joseph F. Keeley die before the said husband Edward F. Fagan, leaving a child, or children, the estate shall pass to them, at the death of the said husband.

"In the event of the death of the said Joseph F. Keeley, without issue, the estate shall pass to my niece Dorothy Keane."

The real estate which is the subject of the contract was owned by Mrs. Fagan at her decease, and on August 28th, 1917, a certificate of the Court of Probate that, in her will, this property was devised to the plaintiff, subject to the life use of Edward F. Fagan, was executed and recorded. The plaintiff was married in 1915, and has two children, born September 11th, 1916, and October 3d, 1919, respectively. Dorothy Keane, the niece mentioned in the will, is a daughter of the testatrix's sister. Edward F. Fagan, husband of the testatrix, died September 30th, 1926. On October 14th, 1926, the plaintiff and defendant executed an agreement that the plaintiff would sell this real estate to the defendant and the defendant would purchase it from the plaintiff. The sole inquiry reserved for our advice is: Has the plaintiff, Joseph F.

Keeley, a title in fee simple absolute in the real estate described in the complaint?

The only question which might now affect the plaintiff's title is whether the gift over to Dorothy Keane, in the event of the death of Joseph F. Keeley without issue, cuts down the prior devise of the fee to him. A situation similar in all material respects to that here presented was under consideration in *Scanlin* v. *Peterson, ante,* 308, 135 Atl. 394, decided since the instant case was reserved, and the rules therein reiterated and applied are germane to and decisive of the present inquiry. The provision that in the event of the death of Keeley, the prior devisee in fee, the estate shall pass to Dorothy Keane, is to be construed as applying only in case of the death of Keeley in the lifetime of the testatrix. Since he survived her he took, and now has, an estate in fee, and we so answer the question propounded.

No costs will be taxed in this court.

In this opinion the other judges concurred.