HAZEL H. MOREHOUSE *v.* THE WIDOWS, HEIRS, REPRESENTATIVES AND CREDITORS OF LILLIAN A. MOORE ET AL.

SUPERIOR COURT        FAIRFIELD COUNTY        FILE No. 90883

Memorandum filed December 7, 1953.

*Joseph Schwarz,* of Danbury, for the Plaintiff.

No appearance for the Defendants.

PHILLIPS, J. In this action the plaintiff in the first count asks a declaratory judgment with respect to her rights in a piece of real estate and in the second count a judgment settling the title to the property.

The plaintiff's mother, Lillian A. Moore, died September 6, 1919, leaving a will which was duly probated. Under the third paragraph the testatrix' husband was given the life use of the homestead, with the land adjoining, known as 48 Morris Street in Danbury. The fourth paragraph reads as follows: "Fourth. As it is my express desire that my daughter Hazel H. Morehouse shall always be provided with

a comfortable home, I do hereby give and devise to my said daughter the remainder interest in my said homestead and the land thereto adjoining, known as 48 Morris Street in said Danbury, upon condition however that she shall not transfer or convey title thereto during her lifetime, but shall have the absolute use and enjoyment thereof with power and authority to dispose by will of her remainder interest in said property to whomsoever she may see fit."

In the fifth paragraph all the remainder of the property, real and personal, was left to testatrix' daughter, the plaintiff. Final distribution of the estate was made, and a certificate of distribution was recorded in the land records of Danbury.

Frank E. Moore died in March, 1933. The plaintiff has not resided in the homestead since 1938. Her husband was then transferred to New London, near which they now own a home, and they have no intention of returning to Danbury. The homestead is badly in need of repairs which the plaintiff cannot afford to make.

The basic questions for determination are the nature of the interest in the property which passed to the plaintiff under paragraph fourth and whether the restraint on alienation contained in this paragraph is valid.

Words of inheritance are not necessary to carry a fee where the estate is created by will. The use of either "give" or "devise" is sufficient for that purpose. *Burr* v. *Tierney,* 99 Conn. 647, 651. The words of the fourth paragraph, " I do hereby give and devise to my said daughter the remainder interest in my said homestead and the land thereto adjoining," taken by themselves, create in the plaintiff an estate in fee simple in the remainder after the life use of the husband.

The next question is whether this fee simple estate is cut down to a life use by the remainder of the paragraph. Following the statement of the condition —that the daughter shall not convey title to the property during her lifetime, there is this further provision: ". . . but [she] shall have the absolute use and enjoyment thereof with power and authority to dispose by will of her remainder interest in said property to whomsoever she may see fit."

A testamentary gift in fee will not be cut down to a life estate by a subsequent clause of doubtful or uncertain meaning. To accomplish such a result, the qualifying language must be as pointed and direct as the terms of the gift. *Hull* v. *Hull,* 101 Conn. 481, 486; *Burr* v. *Tierney,* 99 Conn. 647, 651. While the language in question was in the same paragraph as the gift in fee rather than in a separate paragraph as in the two cases cited, the same principle is applicable. The words directly follow and would seem to qualify the condition or make clear that the condition would not in any event affect the daughter's enjoyment of the property or her ability to dispose of it by will. Had the testatrix intended to create a life estate, she could easily have used the customary words, as she did in the preceding paragraph in giving a life use to her husband. I find that the intention of the testatrix was to give a fee simple in the remainder to her daughter, subject to the condition stated, rather than a life use.

The final question for determination is whether this attempted restraint on alienation was valid. It is an established principle that one may not grant or devise to another an estate with fixed legal incidents and at the same time curtail him in the enjoyment of those incidents, as where one devises an estate in fee and adds a subsequent provision against the alienation of the property. *Colonial Trust Co.* v. *Brown,* 105 Conn. 261, 278; *Burr* v. *Tierney,* 99 Conn. 647,

653. This principle has of course no application to a devise in trust, for there, whatever the legal estate devised, in equity that estate is of necessity limited and qualified to accomplish the purpose of the trust. *Colonial Trust Co.* v. *Brown,* supra, 278. By analogy to the rule against perpetuities, a trust which prevents the alienation of property for no greater period than a life or lives in being and twenty-one years would not be void as an illegal restraint. *Colonial Trust Co.* v. *Brown,* supra, 281. The testatrix might have accomplished her purpose by creating a trust of the homestead for her daughter's life. She did not do this, but gave her the fee. The condition that the daughter should not transfer or convey title thereto during her lifetime was repugnant to the fee and of no effect.

This decision is in accordance with, though not founded upon, the equities of the case. The reason for imposing the condition was expressed in the first phrase of paragraph fourth, that the daughter should always be provided with a good home. She was the only one the testatrix desired to protect, not her heirs or a remainderman after her death. The residue of the estate is left to the daughter. Had she refused to accept the devise, she would have received the property unfettered by any condition. Her situation now is such that the restraint, instead of protecting her, has become a hardship.

The third question under the first count, "Whether the restriction on conveyance in paragraph 4 is valid" is answered in the negative.

Judgment may enter quieting and settling the title to the land described in the complaint in the plaintiff in fee simple, free of any condition whatsoever.