TEMPERANCE H. McKENZIE'S APPEAL FROM PROBATE.

A testator gave his widow certain personal estate and provided that *if any remained at her decease* it should be equally divided among his children. Held that an absolute power of disposal was given to the widow and that the gift over was inconsistent with this power and therefore void.

APPEAL from a decree of a court of probate appointing trustees of certain property given by the will of William M. McKenzie to the appellant; brought to the Superior Court in New Haven County, and reserved, upon facts found, for the advice of this court. The case is fully stated in the opinion.

*W. C. Robinson* and *Arvine*, for the appellant.

*Wright* and *G. W. Smith*, for the appellees.

PARDEE, J.   William M. McKenzie died, leaving a will, the second clause of which we are asked to interpret.   It is in the following words :—

" I give, bequeath and devise to my wife, Temperance McKenzie, so long as she shall remain my widow, the homestead where we now live ; also all the household furniture, farming utensils, live stock, wagons and harness, together with forty-four shares of the Second National Bank stock, of New Haven, and ten shares of the New Haven National Bank stock.   The real estate to be held by my wife on condition that she remains my widow during her life, to be hers and her heirs forever, and disposed of as she shall think proper; and the personal estate, if any remains at her decease, to be divided equally among all my children then living or their legal representatives."

Thus the testator, after devising his homestead to his widow, bequeaths to her certain personal property ; of the latter he says, " *if any remains at her decease*, to be divided equally among all my children then living or their legal representatives."

The appellees insist that these are apt words for the creation of a trust, as to the personal property named, in favor of the heirs.   But we think that they carry an absolute gift to the widow; and this, considering both the legal effect which judicial decisions have given them, and the intention of the testator in using them.

In *Attorney General* v. *Hall*, Fitzg., 114, the testator devised real and personal estate to his son and to the heirs of his body living, and then devised so much of his real and personal estate *as his son should be possessed of at his death* to the Goldsmith's Company of London in trust.   The son entered, on his father's death, barred the entail of the real estate by a common recovery, and died leaving no issue living at his death.   It was determined that this limitation was void, as the first devisee had a power to spend the whole, which was an absolute gift.

In *Jackson* v. *Bull*, 10 Johnson, 20, the language of the testator was, " in case my said son Moses should die without

lawful issue, *the property he dies possessed of* I will" &c. The words were held to imply a power of alienation by the devisee, and consequently an absolute ownership repugnant to the limitation and destructive of it.

In *Ramsdell* v. *Ramsdell*, 21 Maine, 288, the court held that the intention to authorize a legatee to dispose of property absolutely and without limitation, was clearly implied by the words " *if any remains*," in the devise over.

In *Harris* v. *Knapp*, 21 Pick., 416, it is said that by the words " *whatever shall remain*," the implication is inevitable that the legatee had power to make such a disposition; and that this is inconsistent with the supposition that the whole was to remain undiminished in the hands of the executor or other trustee for the purpose of satisfying the gift over.

Chancellor KENT, in 4 Com., 270, says that if estate be divided to *A* in fee, and if he *dies possessed of the property* without lawful issue, the remainder over ; or remainder over of the property which he, dying without heirs, should leave ; in all such cases the remainder over is void by way of executory devise, because the limitation is inconsistent with the absolute estate or power of disposition expressly given or *necessarily implied by the will*. A valid executory devise cannot subsist under an absolute power of disposition in the first taker.

WILDE, J., in *Homer* v. *Shelton*, 2 Met., 202, uses this language concerning a limitation over :  " On the contrary, the limitation extends to the plaintiff's whole share of the property devised and bequeathed to him, and not to *such part thereof as he might leave undisposed of at his decease*, from which a power of disposal might be implied."

In Perkins's edition of Jarman on Wills, vol. 1, page 677, note 2, it is said that " whenever it is clearly the intention of the testator that the devisee shall have an absolute property in the estate devised, a limitation over must be void, because it is inconsistent with the absolute property supposed in the first devisee ; and a right in the first devisee to dispose of the estate devised at his pleasure, and not a mere power of specifying who may take, amounts to an unqualified gift."

*Lynde* v. *Easterbrook,* 7 Allen, 68; *Fisk* v. *Cobb*, 6 Gray, 144.

We also think that the expression, "if any remains," shows that it was the testator's intention to give the widow the specific property with the right to use it for the benefit of herself and her children; the right to consume it in the use, if her judgment should dictate, or her necessities compel that course; in short, the right of absolute and unlimited disposal without control or restriction; and that the legal meaning of the language used sanctions the carrying out of that intent. Having the power to make it certain that the principal of the bank-stock, at least, should remain, he refrains from exercising that power, and clearly recognizes the probability that she would in her life time exercise her right to dispose even of that.

In considering, as we must, the whole paragraph in our effort to comprehend the intent, we refer the language respecting the disposition of that part of the specific property which might be in existence after the happening of a certain event, either to a belief which the testator may have entertained as to his power to deal thus with property which he had made the subject of an absolute gift, or to a desire to put upon record his emphatic advice as to the ultimate destination of it.

Finding, as we do, the legal effect of the language and the intent of the testator coinciding in giving to the widow absolute power of disposal, we advise the Superior Court that the widow takes an absolute estate in the personal property under the will, and that the orders of the probate court complained of should be disaffirmed.

In this opinion the other judges concurred.