The Trustees of the Central Methodist Episcopal Church *vs.* George W. Harris, Administrator.

New London Co., May T., 1892. Andrews, C. J., Carpenter, Seymour, Torrance and Fenn, Js.

A testator gave the residue of his estate to his wife "and to her heirs forever," with the following provision:—" provided that whatever of the same, if any, she may leave, not used by her for her support, I give to the Central Methodist Episcopal Church." Held that the gift in fee exhausted the entire estate given, so that there was no remainder on which the gift over could operate.

[Argued June 2d—decided June 30th, 1892.]

Action to recover money of the defendant, as administrator of the estate of Mary Ann Ripley, deceased, claimed under a gift over of the property in the will of Hezekiah Ripley; brought to the Superior Court in New London County, and reserved, on facts found, for the advice of this court. The case is fully stated in the opinion.

*S. Lucas,* for the plaintiffs.

*F. T. Brown,* for the defendant.

CARPENTER, J.   Hezekiah Ripley died, leaving a will in which is the following provision :—" I give, bequeath and devise all the rest and residue of my estate, both real and personal, to my beloved wife, Mary Ann Ripley, and to her heirs forever; provided that whatever of the same, if any, she may leave not used by her for her support and comfort, I give and bequeath to said Central M. E. Church,.to be paid to the worn-out preachers and their widows and orphans of the Methodist Episcopal Church, and the missions of said M. E. Church, in equal proportions, share and share alike."

Mrs. Ripley is now dead, leaving a portion of the property so bequeathed to her.   This suit is to recover that property.   If the plaintiffs are entitled to recover, some questions arise as to the validity of the gift to them.   But as we are of the opinion that the gift over to them is inoperative, we have no occasion to consider those questions. The gift to Mrs. Ripley is in terms an absolute estate,— " and to her heirs forever."   A gift in fee exhausts the entire estate; there can be no remainder, consequently there is nothing on which a gift over can take effect.   An estate in fee is sometimes made determinable upon the happening of a certain contingency, in which case there is a possible remainder, and a limitation over may be good as an executory devise.   But that is not this case.   The estate is absolute.   Besides, it is not claimed that the fee is contingent. The contention is that the qualifying proviso reduces the estate to a life-estate.   An express gift in fee is never reduced to a life-estate by implication.   Nothing less than a positive provision will suffice.

The intention to give a fee is clear; and we discover in the subsequent words no evidence of an intention to revoke the gift.   It is a bald attempt to limit a fee upon a fee, which the law will not allow.

The gift to the plaintiffs being repugnant to the gift to Mrs. Ripley, it must be held void.

The Superior Court is advised to render judgment for the defendant.

In this opinion the other judges concurred.