The **MARINE TRUST COMPANY OF WESTERN NEW YORK**, as Executor of the Estate of Essie B. Statler, Plaintiff,

v.

**UNITED STATES of America**, Defendant.

Civ. No. 10148.

United States District Court
W. D. New York.
Aug. 30, 1965.

---

for the division of the residuary of her estate into three equal parts. Two parts of the residuary were placed in trust for the life and benefit of a daughter, Katherine B. Statler; the remaining third was placed in trust for another daughter, Dorothy W. Morgan. Involved in this case is the trust in favor of Katherine B. Statler; the remainder of which, upon termination, is to be divided equally among three named charities.

While the plaintiff did not schedule the aforementioned remainder to charities on its federal estate tax return as a transfer for charitable uses, it filed a timely claim for refund based upon such a transfer. Following disallowance of its claim, this suit was commenced. The Government now moves for judgment on the pleadings and the plaintiff moves for summary judgment.

■ The initial, and in this case the crucial inquiry is whether the power to invade the corpus of the trust for the benefit of Katherine B. Statler is limited by the will to some objective standard permitting present ascertainment of the value of the remainder interest. Unless it is so limited, the remainder clearly will not qualify for the charitable deduction. See Merchants National Bank of Boston v. Commissioner, 320 U.S. 256, 64 S.Ct. 108, 88 L.Ed. 35 (1943); Henslee v. Union Planters Nat. Bank, 335 U.S. 595, 69 S.Ct. 290, 93 L.Ed. 259 (1949); Seubert v. Shaughnessy, 233 F.2d 134 (2d Cir. 1956).

In pertinent part the provisions of the will governing invasion of the trust corpus are as follows:

"(a) * * * my trustee is directed to pay the net income of said trust together with so much of the principal as may be necessary to maintain my said daughter, Katherine B. Statler, in the same standard of living which she shall have enjoyed at the time of my death, said principal and income to be payable in monthly, quarter-annual or other suitable installments to said daughter.

---

Hetzelt, Watson & McGarvey (Joseph L. Watson, James H. Heffern, George M. Zimmermann, Buffalo, N. Y., of counsel), for plaintiff.

John T. Curtin, U. S. Atty. (C. Conald O'Connor, Asst. U. S. Atty., Louis F. Oberdorfer, Asst. Atty. Gen., C. Moxley Featherston, David A. Wilson, Jr., Moshe Schuldinger, Attys., Dept. of Justice, of counsel), for defendant.

HENDERSON, District Judge.

The plaintiff, The Marine Trust Company of Western New York, is executor of the estate of Essie B. Statler. Executed on February 2, 1960 and effective upon her death on August 15, 1960, the will of Essie B. Statler in part provided

"(b) If by reason of sickness, accident, misfortune *or any other circumstances* either of my said daughters shall be or become in *need* of funds in the opinion of my trustee for her health, support, maintenance, *comfort,* welfare *or for any other reason,* to pay over and distribute to her from the principal of the trust funds set up for said daughter such part or parts thereof as at any time or from time to time my trustee, in its sole discretion shall deem necessary.

"(c) A written request from any child of mine for such payments or distributions from the trust fund set up for such child, shall be good and sufficient authority for my trustee to make such payments or distributions, but my said trustee shall not be forced to comply with any such request, and the judgment of my trustee shall be final and conclusive as to whether any payments shall or shall not be made, and no payment or distribution can be enforced or enjoined by legal action." [Emphasis added.]

■ To avoid the effect of what would appear to be an almost unlimited power of invasion, the plaintiff argues that the words "or any other circumstances" and "or for any other reason" must be construed by resort to the canon *ejusdem generis.* Construction of the will, of course, is a question to be resolved by application of New York law. Lincoln Rochester Tr. Co. v. Commissioner of Int. R., 181 F.2d 424, 426 (2d Cir. 1950).

■ In New York, as elsewhere, the canons of construction are applied only when the language of the will leaves the testator's intention in doubt. As stated by the New York Court of Appeals in Matter of Bisconti's Estate, 306 N.Y. 442, 445, 119 N.E.2d 34, 35 (1954), a case in which the court refused to apply the doctrine of *ejusdem generis:*

"The application of the rules of construction of wills is for the purpose of determining the intent of the testator where that intent is not clearly expressed by the testamentary words, and the rules of construction are to be disregarded when the language is clear and definite. It is well established that rules of construction are merely subsidiary aids. Matter of Watson's Will, 262 N.Y. 284, 293, 294 [186 N.E. 787, 788, 789]. If intention of a willmaker is to be found in the words used in the will and these are clear and definite there is no power to change them. Matter of Watson's Will, supra. As is stated in Davids on the New York Law of Wills: 'When intention can be ascertained as a fact from the instrument itself * * * there is no occasion for a presumption in respect thereof, and the decision should not be affected by the rules in question. Hence the rules of construction are to be disregarded where the decedent's intention is clearly or sufficiently manifest, or where the language of the instrument is plain and its meaning obvious.' Vol. I, § 491, p. 805; see Matter of Rollins Will, 271 App. Div. 982 [68 N.Y.S.2d 116], aff'd 297 N.Y. 612 [75 N.E.2d 627]."

In the present case the court finds no ambiguity in wording or doubt as to the intention of the testatrix. Paragraph (a) provides for the invasion of principal to the extent necessary to maintain Katherine B. Statler in the standard of living she enjoyed at the time of the death of the testatrix. Paragraph (b) obviously expands that power, providing in the broadest terms for the usual exigencies and going on to include "any other circumstances" that might arise. In describing the type of "need" which would justify invasion of corpus, the testatrix mentions not only her beneficiary's "health," "support," "maintenance" and "welfare" but also her "comfort" or "any other reason." Thus, in two instances the testatrix had occasion to indicate the breadth of the power conferred and in

each elected to use different but equally broad phraseology.

While the plaintiff argues that a broad grant of power is inconsistent with use of the word "need" in paragraph (b), the court does not agree. The word is relative and its meaning only can be gauged in terms of its use.

In the court's view, the testatrix's will clearly confers an almost unlimited power of invasion with concomitant unfettered discretion in the trustee. Under the present rule governing eligibility for the charitable deduction, the unlikelihood that the trust's corpus ever will be invaded is of no consequence.[1] Finding the power not to be limited by the will to an objective standard which would permit present valuation of the remainder, the Government's motion is granted and the plaintiff's motion denied.

So ordered.

---

1. See Merchants National Bank of Boston v. Commissioner, 320 U.S. 256, 261, 64 S.Ct. 108, 88 L.Ed. 35 (1943); Henslee v. Union Planters Nat. Bank, 335 U.S. 595, 599, 69 S.Ct. 290, 93 L.Ed. 259 (1949); Seubert v. Shaughnessy, 233 F.2d 134, 137–138 (2d Cir. 1956).