The UNION & NEW HAVEN TRUST COMPANY, Executor of the Will of Ralph G. Van Name, Deceased, Plaintiff,

v.

UNITED STATES of America, Defendant.

Civ. No. 10865.

United States District Court
D. Connecticut.

March 20, 1967.

9. The civil action was instituted on June 4, 1965.

Cleaveland J. Rice, Jr., and William P. Simon, of Bronson & Watrous, New Haven, Conn., for plaintiff.

Michael B. Arkin, Atty., Tax Division, Dept. of Justice, Washington, D. C. (Richard M. Roberts, Acting Asst. Atty. Gen., and David A. Wilson, Jr., Atty., Tax Division, Dept. of Justice, Washington, D. C., Jon O. Newman, U. S. Atty., Hartford, Conn., on the brief), for defendant.

TIMBERS, Chief Judge.

## QUESTIONS PRESENTED

In this action brought by the executor of the will of Ralph G. Van Name, deceased, pursuant to 28 U.S.C. §§ 1340 and 1346(a) (1), to recover $34,644.84 of federal estate taxes, plus interest, claimed to have been erroneously assessed and collected, by reason of denial of a charitable deduction for the remainder of a trust, the corpus of which was subject to a power of invasion, two essential questions are presented by the

cross motions for summary judgment: (1) whether the language of the will created an ascertainable standard for invasion of the corpus, and (2) if so, whether under such objective standard as applied to the facts existing at the date of the testator's death, the possibility of negation of the charitable transfer by diversion of the corpus to private use was so remote as to justify the claimed charitable deduction.

The Court holds that the will created an ascertainable standard for invasion of the corpus, and that the likelihood of such invasion defeating the charitable transfer in whole or in part was so improbable at the time of the decedent's death as to have required allowance in full of the claimed charitable deduction for the remainder interest of the trust.

There being no genuine issue as to any material fact and plaintiff being entitled to judgment as a matter of law, defendant's motion for summary judgment is denied and plaintiff's motion for summary judgment is granted.

### FACTS

The material facts necessary to a determination of the instant motions are not in dispute.

Ralph G. Van Name died a resident of New Haven on January 4, 1961. Plaintiff, a banking corporation located in New Haven, was appointed executor of decedent's will by the Probate Court for the District of New Haven on January 12, 1961.

That portion of the Ralph G. Van Name will relevant to the instant action, Article Eighth, provided for the creation of a trust for the benefit of decedent's unmarried son, John A. Van Name, with income from the trust to such son during his lifetime and the remainder over to three named charities,[1] equally, upon the death of the son. Possible use of some part of the principal of the trust for private purposes during the son's lifetime also was envisaged by the will, for the trustee was granted a power to invade the corpus by paragraph 4 of Article Eighth, set forth in full at p. 804 infra.

At the time of his father's death, John A. Van Name was employed at the library of Syracuse University in the State of New York. He lived in a room or small apartment near the University. He was a person of extremely frugal habits, able to live comfortably on small amounts of money and never requiring the full use of the substantial sums available to him annually from sources other than his father. His mode of life was nearly that of a complete recluse; he had virtually no social life or friends of any description, his avoidance of social relationships at least in part determined by marked personality disorders dating from early childhood.

On March 21, 1962, plaintiff filed a federal estate tax return for the estate of Ralph G. Van Name showing due a tax of $234,790.25 which was paid with the return. A charitable deduction was claimed for the remainder of the trust created by Article Eighth of the will.

The claimed deduction was disallowed by the Internal Revenue Service. On November 29, 1963, a notice of deficiency in amount of $34,644.84 was mailed to plaintiff. Deficiency in that amount, together with $3,745.91 interest, was assessed on March 27, 1964. The principal sum of claimed deficiency was paid in advance by plaintiff on January 23, 1964; the assessed interest on the deficiency was paid on April 13, 1964.

On September 15, 1964, plaintiff filed its claim for refund with the Internal Revenue Service. The claim was disallowed on December 30, 1964.

The instant refund action was commenced March 4, 1965.[2]

1. Yale University; The Hopkins Committee of Trustees, Incorporated; and The New Haven Foundation. The government has conceded that effective transfers to these three institutions are deductible under Int.

Rev.Code of 1954, § 2055(a) (2), 26 U.S.C. § 2055(a) (2).

2. Pursuant to Int.Rev.Code of 1954, § 7422, 26 U.S.C. § 7422.

On November 5, 1965, defendant filed a motion for summary judgment, pursuant to Rule 56, Fed.R.Civ.P. Plaintiff filed its cross motion for summary judgment on November 22, 1965.

## CLAIMS OF THE PARTIES

Defendant's contentions are twofold: that as a matter of law decedent's estate is not entitled to the charitable deduction because the language of the will does not provide an ascertainable standard for invasion of corpus; and that, even if an ascertainable standard is disclosed by the terms of the will, summary judgment for plaintiff would be improper for the reason that the likelihood of such invasion is a contested issue of fact which must be resolved at trial.

On the other hand, plaintiff maintains that the standard for invasion of corpus established by the will is an objective one; and that the undisputed facts conclusively show the possibility of such invasion to be so remote as to be negligible, and therefore compel a determination that the full amount of the remainder interest of the trust was properly deductible.

## STANDARD FOR INVASION OF CORPUS AS DISCLOSED BY LANGUAGE OF WILL

The Internal Revenue Code provides for a deduction from the decedent's gross estate for transfers made for charitable purposes.[3] In the instant action, involving a testamentary trust created for both charitable and private purposes, controlling statutory principles allow the charitable deduction only insofar as the charitable interest is ascertainable and severable from the non-charitable interest.[4]

Since the trust in question granted the trustee a power to invade the corpus, determination of the deductibility of the charitable remainder interest first turns upon the presence or absence of a definite, ascertainable, and objective standard governing the exercise of such power, for no deduction can be allowed if the extent of possibile diversion of the principal to private use cannot be measured accurately as of the date of the testator's death.[5]

In this connection, the central issue confronting the Court is the prop-

---

3. Int.Rev.Code of 1954, § 2055(a) (2), 26 U.S.C. § 2055(a) (2).

4. The general requirements for the charitable deduction are set forth in Treas. Reg. § 20.2055–2 (1958), 26 C.F.R. § 20.2055–2, which provides in relevant part:

 "(a) *Remainder and similar interests.* If a trust is created or property is transferred for both a charitable and a private purpose, deduction may be taken for the value of the charitable beneficial interest only insofar as that interest is presently ascertainable, and hence severable from the non-charitable interest.

 . . .

 "(b) *Transfers subject to a condition or a power.* If, as of the date of a decedent's death, a transfer for charitable purposes is dependent upon the performance of some act or the happening of a precedent event in order that it might become effective, no deduction is allowable unless the possibility that the charitable transfer will not become effective is so remote as to be negligible. If an estate or interest has passed to or is vested in charity at the time of a decedent's death and the estate or interest would be defeated by the performance of some act or the happening of some event, the occurrence of which appeared to have been highly improbable at the time of the decedent's death, the deduction is allowable. If the legatee, devisee, donee, or trustee is empowered to divert the property or fund, in whole or in part, to a use which would have rendered it, to the extent that it is subject to such power, not deductible had it been directly so bequeathed, devised, or given by the decedent, the deduction will be limited to that portion, if any, of the property which is exempt from an exercise of the power.

 . . ."

 These regulations were intended fully to implement the statute, and must control the Court's inquiry. See Commissioner v. Estate of Sternberger, 348 U.S. 187, 190 and 193 (1955).

5. See Henslee v. Union Planters Bank, 335 U.S. 595 (1949); Merchants Nat. Bank of Boston v. Commissioner, 320 U.S. 256 (1943); Ithaca Trust Co. v. United States, 279 U.S. 151 (1929).

er ascertainment of the testator's intention as expressed in the will,[6] for the Court must thereby

> "decide whether the language used . . . authorizes invasion of corpus only so far as is necessary to maintain the objective measure of the standard of living enjoyed by the life tenant at the decedent's death . . . or whether it is so subjective a standard as to allow invasion to satisfy any desire of the life tenant. . . ."[7]

In short, the claimed deduction may be allowed if the will fixes an objective standard for the trustee's exercise of the power to diminish the principal intended for charity, but will be disallowed if such power to invade corpus is limited by merely subjective considerations or is purely discretionary.[8]

The critical language of the Ralph G. Van Name will reads as follows:[9]

> "In case of illness or other emergency affecting my son or his family, the Trustee is authorized to use for the benefit of my son or his family such amounts out of the corpus of the trust as the Trustee in its sole discretion may deem necessary or advisable."

▮ Obviously subjective criteria for invasion, such as "pleasure" or "happiness",[10] are notably absent. It is significant that the general criterion seems to be one of need arising from externally caused conditions, with no apparent volitional power in the life beneficiary to defeat the expectations of the named charities.[11] The pertinent phrasing does not carry the slightest implication that the son is thereby authorized to abandon his customary and frugal way of life.[12] Indeed, in a decision concerned with testamentary language quite similar to that in the instant case,[13] the Court of Appeals for this Circuit construed such language to disclose a clear intention to provide only for a continuance of the life beneficiary's standard of living as of the date of the testator's death. With respect to the relevant language of the will in the instant case, this Court is similarly of the opinion that such language, construed as a matter of law, reveals an intention to ensure the preservation of John A. Van Name's accustomed standard of living, and that the will therefore establishes the necessary ascertainable and objective standard limiting the possible invasion of corpus.[14]

6. See Seubert v. Shaughnessy, 233 F.2d 134, 137 (2 Cir. 1956); Lincoln Rochester Trust Company v. McGowan, 217 F.2d 287, 290 (2 Cir. 1954).

7. Lincoln Rochester Trust Company v. Commissioner, 181 F.2d 424, 425 (2 Cir. 1950).

8. See Henslee v. Union Planters Bank, supra note 5; Merchants Nat. Bank v. Commissioner, supra note 5; Ithaca Trust Co. v. United States, supra note 5.

9. Article Eighth, ¶ 4.

10. Cf. Henslee v. Union Planters Bank, supra note 5; Merchants Nat. Bank v. Commissioner, supra note 5.

11. See Estate of Schildkraut v. C. I. R., 368 F.2d 40, 47 (2 Cir. 1966).

12. Cf. Seubert v. Shaughnessy, supra note 6.

13. Lincoln Rochester Trust Company v. McGowan, supra note 6, at 292 ("In the case before us, invasion of the principal was permitted 'to meet any unusual de-

mands, emergencies, requirements or expenses for her personal needs that may arise from time to time' and this clause was 'intended to provide for emergencies arising from sickness, accident or failure of investments'.") In reaching its decision, the Court of Appeals declined to follow its earlier opinion in DeCastro's Estate v. Commissioner, 155 F.2d 254 (2 Cir. 1946), for the reason that the testator's grant of permission to invade corpus examined in that earlier case directed the trustee "to *amply* provide" for the life beneficiary's needs resulting from certain emergency conditions, and such language could well be interpreted as intending a more liberal allowance than the mere preservation of a customary mode of living.

14. Although this may be "a field where fine verbal distinctions . . . hold full sway", Lincoln Rochester Trust Company v. Commissioner, supra note 7, at 425, the Court is not required to attribute to the testator an intention to permit caprice to displace need as the governing

## EXTENT OF POSSIBLE INVASION OF CORPUS UNDER STANDARD FIXED BY WILL

 The habitual manner of life of John A. Van Name, the life beneficiary, is not in dispute. He was almost a complete recluse, had no significant social relationships, and lived very frugally, well within the substantial means available for his use from sources other than his father or the trust established by his father's will. In these circumstances, the Court is of the opinion, reinforced by a consideration of the limited conditions under which principal of a Connecticut testamentary trust may be diverted to private use,[15] that the possibility of any invasion of corpus, as of the date of decedent's death, was by the terms of the standard fixed by the will so remote as to be negligible.[16] The full amount of the claimed charitable deduction for the remainder interest of the trust was therefore justified.

The Clerk is directed to enter judgment for plaintiff to recover in full the assessed principal deficiency in amount of $34,644.84 paid January 23, 1964; assessed interest on the deficiency in amount of $3,745.91 paid April 13, 1964; and interest according to law.

## CONCLUSION

Plaintiff's motion for summary judgment is granted, and defendant's motion for summary judgment is denied, there being no genuine issue as to any material fact and plaintiff being entitled to judgment as a matter of law.

The foregoing constitute the Court's findings of fact and conclusions of law pursuant to Rule 52, Fed.R.Civ.P.

standard when such a construction would strain the bounds of common sense. See, e. g., Union National Bank of Clarksburg, Exr. v. Looker, 64–2 U.S.T.C. ¶ 12, 258 (N.D.W.Va.1964). Nor does it seem sound to ascribe to the testator an intention to create in his son an inducement to reap profits from the corpus by incurring a severe illness or some other personal disaster. Cf. Estate of Schildkraut v. C. I. R., supra note 11, at 46; United States v. Dean, 224 F.2d 26, 28 (1 Cir. 1955).

15. Invasion of the corpus must be conditioned upon exhaustion of substantially all other income and capital assets of the life beneficiary. Frey v. Greenberg, 151 Conn. 663, 667–669 (1964). Connecticut law governs interpretation of the will in this respect. See Lincoln Rochester Trust Company v. Commissioner, supra note 7, at 426; cf. Blair v. Commissioner, 300 U.S. 5 (1937); Marine Trust Co. of Western New York v. United States, 247 F.Supp. 278, 280 (W.D.N.Y. (1965).

16. See Treas.Reg. § 20.2055–2(a) and (b) (1958), 26 C.F.R. § 20.2055–2(a) and (b). In the view taken by the Court, it is unnecessary to consider the possible applicability of the somewhat milder test of "assurance" that the charities named by decedent will receive the remainder interest. See Estate of Schildkraut v. C.I.R., supra note 11, at 48.

With respect to plaintiff's cross motion for summary judgment, although any inferences are to be viewed in the light most favorable to the party opposing such motion, United States v. Diebold, Inc., 369 U.S. 654, 655 (1962), this Court is of the opinion that an assessment of the underlying proof shows the issues here presented clearly establish no genuine need for trial. See Dressler v. MV Sandpiper, 331 F.2d 130, 132–133 (2 Cir. 1964).