NICHOLAS M. ROSA v. DANIEL PALMER

COTTER, C. J., LOISELLE, BOGDANSKI, LONGO and PETERS, Js.

Argued December 14, 1978—decision released March 6, 1979

*Gary L. Broder,* with whom, on the brief, was *Nicholas W. Rosa,* for the appellant (plaintiff).

*Frederick S. Harris,* for the appellee (defendant).

LONGO, J. Olga Rosa Palmer died on February 8, 1971, leaving a last will and testament, admitted and approved by the Probate Court for the district of Waterbury on March 4, 1971. In article two of that will, she made the following disposition: "Article Two: I give, devise and bequeath all my right, title and interest in a certain mortgage from the Mark David Realty Corporation to William Brewster and myself Olga Rosa Palmer dated March 10, 1967 to my husband, Daniel Palmer to use and enjoy during the term of his natural life, and upon his death, I give, devise and bequeath the remainder of said mortgage unto my son, Nicholas Martin Rosa, to be his or his heirs, absolutely and forever." The fiduciary of the estate, purportedly interpreting this dispositive clause, proposed to distribute the decedent's interest in the mortgage, which was secured by a promissory note, so that the defendant would receive only the amounts allocable to interest income, and proposed to distribute the principal amount of the note to the plaintiff after the death of the defendant. The defendant objected

to this proposed disposition. The Probate Court for the district of Waterbury agreed with the defendant, holding that the defendant was entitled to receive the principal and interest payments of the monies owed on the mortgage note from the date of the death of the decedent, and that if any monies were still owed on the mortgage note at the time of the death of the defendant, then the plaintiff would be entitled to receive those monies.

The plaintiff then appealed from the judgment of the Probate Court to the Superior Court. That court, without hearing evidence, concluded that the language employed by the testatrix disclosed no intention that only the interest payments on the note were to be received by the defendant during his lifetime, and ruled that the defendant was entitled to the entire monthly payment, principal and interest, for life, with the plaintiff receiving the remainder, if any, of the amount represented by the note upon the death of the defendant. From the rendition of that judgment, the plaintiff has appealed to this court.

The plaintiff's assignment of errors gives rise to a simple issue of will construction: whether a bequest by a testatrix of all of her "right, title and interest" in a mortgage, to be used by a designated legatee "during the term of his natural life," followed by a gift in the form of a remainder to a designated beneficiary, entitles the legatee to his share[1] of the entire payment, principal and interest, during his life, with the remainder, if any, preserved for the secondary beneficiary.

---

[1] As the mortgage and note were made in favor of the testatrix and William Brewster, the most the defendant could receive by virtue of the testatrix' gift would be an undivided one-half interest in the proceeds of the note and in the realty secured thereby.

In order to resolve this issue, we must decide two related questions: whether the language employed by the testatrix created a life interest in the defendant, followed by a remainder in the plaintiff; and, if so, whether the value of that life interest includes the payment to the defendant of both the amount of principal and interest represented by the mortgage note. We answer both of these questions in the affirmative.

It is academic that the interpretation of the will of the testatrix is to be determined by identifying her dispositive intention, the animus testandi, which is to be determined from an examination of the language of the will as a whole, including the ascertainment of the testamentary plan, in the light of the circumstances under which the will was executed. *Frey* v. *Greenberg,* 151 Conn. 663, 667, 202 A.2d 142 (1964); *Warren* v. *First New Haven National Bank,* 150 Conn. 120, 123, 186 A.2d 794 (1962); *Hartford Connecticut Trust Co.* v. *Gowdy,* 141 Conn. 546, 550, 107 A.2d 409 (1954). Included in the surrounding circumstances are the condition of the testatrix' estate, her relation to her family and beneficiaries, and their situation and condition. *Colonial Bank & Trust Co.* v. *Stevens,* 164 Conn. 31, 37, 316 A.2d 768 (1972); *Connecticut Bank & Trust Co.* v. *Lyman,* 148 Conn. 273, 279, 170 A.2d 130 (1961). Applying these principles, we find that the testatrix intended to create a life estate in a note secured by a mortgage in her husband, the defendant, with her son, the plaintiff, designated as the remainderman. The phrase employed by the testatrix, "during the term of his natural life," is the classical language used to create a life estate. *Central Hanover Bank & Trust Co.* v. *Mason,* 129 Conn. 350, 352, 27 A.2d 797 (1942); *Glover* v. *Stillson,* 56 Conn. 316, 15 A.

752 (1888); see *Barnes* v. *Boardman,* 149 Mass. 106, 21 N.E. 308 (1889); 28 Am. Jur. 2d, Estates § 68; 1 American Law of Property § 2.15. Her language should thus be given its intended effect.[2]

The more difficult issue lies in determining the value of the defendant's life estate. As we initially indicated, neither this court nor, so far as our research discloses, any other court has addressed the precise issue involved: whether the defendant, the life tenant of "all" of the testatrix' "right, title and interest" in the mortgage, is entitled to both the payments of principal and interest on the note and mortgage. We conclude that the defendant should receive, for life, exactly what the testatrix had received during her life, and intended to bequeath to her husband: the payments of both principal and interest.

We must initially reject the rationale implicit in the plaintiff's argument that the interest passed by the testatrix—a note and mortgage—is functionally equivalent to a trust fund, with an identifiable res or corpus, producing income for the life tenant. On the contrary, the testatrix' interest under the mortgage note entitled her to receive a mixed payment of principal and interest every month, with the percentage of interest gradually decreasing and the percentage of principal increasing as the entire amount was paid off. Thus, it is evident that there was no income-producing corpus which could be put

---

[2] There is, of course, no question that a valid remainder interest in property remaining at the termination of a life estate may be created even though the life tenant may be given the right to use or dispose of it. *West Haven Bank & Trust Co.* v. *McCoy,* 117 Conn. 489, 494, 169 A. 49 (1933); *Brown* v. *Potter,* 114 Conn. 441, 444, 159 A. 275 (1932); *Birge* v. *Westport Bank & Trust Co.,* 101 Conn. 39, 42, 124 A. 846 (1924); cf. *Burley* v. *Maguire,* 127 Conn. 242, 247, 16 A.2d 358 (1940).

off in enjoyment for the plaintiff remainderman, or which, in the manner of a trust fund, produced monthly income for the defendant life tenant. Compare *Spooner* v. *Phillips,* 62 Conn. 62, 24 A. 524 (1892) (gift of stock producing income in the form of cash dividends limited to receipt of dividends and income).

We note that, in many cases, expressions relating to the extent of the life tenant's interest in the property devised have been regarded as indicative of a power to use the entire property devised. See *Dorsey* v. *Bryan,* 170 Ky. 275, 185 S.W. 845 (1916) ("to have and to hold and to enjoy as she may wish"); annot., 31 A.L.R.3d 169, 184, § 4 [a], § 7 (cases arranged by jurisdiction); cf. *Benton* v. *Dudley,* 113 Conn. 267, 155 A. 85 (1931) (testator left an undivided interest on mortgage note, with the right to "use or dispose of any of the . . . property" vested in his widow; held, widow received the power to use such portion of the *principal* as reasonably necessary). In the present case, the testatrix clearly intended to pass to her husband the same "right, title and interest" that she enjoyed in the mortgage note: the right to the receipt of principal and interest payments. Moreover, many courts have held that where the property which is the subject of a life estate and remainder is money, or a note, the testator, if the appropriate intent is found, may properly direct that the life tenant be entitled to the possession and enjoyment of the property, even though to do so creates a life estate with power in the life tenant to cut off the remainderman. *Mooy* v. *Gallagher,* 36 R.I. 405, 90 A. 663 (1914); cf. *Trute* v. *Skeede,* 162 Neb. 266, 75 N.W.2d 672 (1956); see 51 Am. Jur. 2d, Life Tenants and Remaindermen § 35.

Finally, practical considerations relating to the effectuation of the intent of the testatrix, gleaned from her testamentary plan, fortify our construction of article two of the will in the manner discussed above. First, the testatrix indicated no express intention to sever the payment of the interest from the payment of the principal on the mortgage note. If she had intended her husband to enjoy only the interest rather than the principal and interest payable under the mortgage note, it would have been a simple matter for her to have expressed that in her will. See *In the Matter of Estate of Sims*, 24 Or. App. 207, 544 P.2d 1063 (1976) (bequest of a life estate "to the income from and the payments on said notes," remainder to the testatrix' sister-in-law; held, the life tenant was to receive the entire monthly payment, principal and income). Second, the testatrix was aware that the mortgage note here in issue, by virtue of an acceleration clause, could be paid in full by the maker at any time, thereby terminating the indebtedness. We take this to be further evidence that the testatrix contemplated the possibility of the cutting off of the plaintiff remainderman's interest during the life of the defendant.

Also, the testatrix' dispositive scheme, in which she gave one-third of the residue of her estate to the defendant and two-thirds to the plaintiff, appears to make it improbable that she would bequeath a small, diminishing rate of interest to her husband. The mortgage and note, originally dated March 10, 1967, provided for the payment of $34,000 within a period of fifteen years, with interest at the rate of 5 percent per year, payable in monthly installments of $268.87 each. At the time of the testatrix' death, the note and mortgage had a principal balance of $13,705.47. At that time, one-

half of the next monthly payment was $134.44, while one-half of the interest payment was $57.74. Thus, to accept the plaintiff's contention would be to hold that the testatrix intended that her husband, who would otherwise be a natural object of the testatrix' love and bounty, should receive the sum of approximately $57.74 per month, which sum would only diminish, while the plaintiff was intended to receive a full one-half of the principal payment plus two-thirds of the residue of the estate. In view of the plain language employed in article two, we think that such could not have been the intention of the testatrix. We thus find no error in the judgment of the Superior Court decreeing that the defendant was entitled to receive the monthly principal and interest payments on the mortgage note, and that if any monies remained due at the defendant's death, the plaintiff would be entitled to them.

There is no error.

In this opinion the other judges concurred.