WILMA DEI CAS, EXECUTRIX (ESTATE OF
MARY B. SHAW), ET AL. *v.* MARIE MAYFIELD ET AL.
(2429)

DUPONT, C.P.J., BORDEN and DALY, Js.

Argued October 5, 1984—decision released January 1, 1985

*Sandra M. McLean,* for the appellants (plaintiffs).

*Richard C. Stewart,* for the appellee (named defendant).

DUPONT, C.P.J. This appeal[1] arises out of a dispute over the construction of the will of William Shaw, the father of both the plaintiff and the named defendant.[2] The issue to be decided is whether the language of the will gave the wife of the testator a life estate or a fee simple absolute estate in certain realty. The trial court concluded, in its granting of the defendant's motion for summary judgment, that the widow was devised a life estate.

---

[1] This appeal, originally filed in the Supreme Court, was transferred to this court. General Statutes § 51-199 (c).

[2] The plaintiff Wilma Dei Cas instituted suit on her own behalf as well as in her capacity as executrix of the estate of her mother. The state tax commissioner was also a defendant, but a judgment by default was rendered against him, and he is not involved in this appeal. Hereinafter, Wilma Dei Cas is referred to as the plaintiff and Marie Mayfield as the defendant.

William Shaw executed a will in 1938 and died in 1944. In 1938, his daughters, who are parties in the present action, were minors. His wife, Mary Shaw, their mother, died in 1981, having executed a will in 1971. Mary Shaw's will attempted to dispose of the realty in question by granting the plaintiff the right to purchase it at a bargain price. If Mary Shaw had but a life estate, the disposition to the plaintiff would be void. If, however, she acquired a fee simple absolute title by virtue of her husband's will, the disposition would be valid.

The relevant testamentary language of William Shaw's will is as follows: "Second: I give devise and bequeath all of the property of which I die seized be the same real, personal, or mixed, or where-so-ever situated, to my beloved wife, Mary B. Shaw, for her own proper use and benefit, forever. I do this knowing that my said wife will make proper provisions for any child or children then living.

"Third: At the death of my said wife, I direct that all of the property then remaining shall be divided among my children, then surviving, share and share alike.

"Fourth: In the event that my wife should die at or near the time of my decease and before my children are of legal age and able to care for themselves, I hereby appoint my brother, Richard Shaw, as their guardian. Should this happen I appoint said Richard Shaw as the executor of my last will and testament."

It is the defendant's contention that Mary Shaw acquired a life estate in the realty, with the power to consume it during her lifetime. She argues that although Mary Shaw could have sold or conveyed the property during her lifetime, she could not dispose of it by her will. It is the plaintiff's claim that Mary Shaw was devised a fee simple, without limitation, and that she could validly dispose of it by her will.

The rule which prevails in most jurisdictions is that if real estate is devised in language which is sufficient to establish a fee, a secondary gift of so much of the realty as is not disposed of by the first taker during his or her life is wholly void. Annot., 17 A.L.R.2d 7, 14–16. The general rule is followed in Connecticut and is premised on the proposition that a gift in fee exhausts the entire packet of rights incident to absolute ownership, making it impossible for a remainder to exist. *Trustees of Methodist Church* v. *Harris,* 62 Conn. 93, 25 A. 456 (1892); *McKenzie's Appeal from Probate,* 41 Conn. 607, 609 (1874).

Although the principle is often stated, its application has produced varying decisional results, depending upon whether the language of the particular will is deemed sufficient to establish a fee, and whether subsequent language in the will expresses an intent in unambiguous language to reduce the fee. *Merchants Bank & Trust Co.* v. *New Canaan Historical Society,* 133 Conn. 706, 715, 54 A.2d 696 (1947). The different outcome of each case lies in how courts characterize the gift to the first taker. The primary beneficiary may be deemed to have received a life estate, a life estate with the power to consume the gift by sale or conveyance during life, a fee determinable upon the happening of a certain contingency, a fee subject to defeasance, or a fee simple absolute. All of these gradations of interest have been recognized by Connecticut courts. *Rosa* v. *Palmer,* 177 Conn. 10, 14 n.2, 411 A.2d 12 (1979); *Connecticut Bank & Trust Co.* v. *Lyman,* 148 Conn. 273, 170 A.2d 130 (1961); *Pond* v. *Porter,* 141 Conn. 56, 65, 104 A.2d 228, cert. denied, 348 U.S. 825, 75 S. Ct. 39, 99 L. Ed. 650 (1954); *Merchants Bank & Trust Co.* v. *New Canaan Historical Society,* supra; *Burley* v. *Maguire,* 127 Conn. 242, 16 A.2d 358 (1940); *State* v. *Smith,* 52 Conn. 557 (1885); *McKenzie's Appeal from Probate,* supra.

The characterization of the gift depends upon the particular phraseology of the will to be construed. It seldom happens that the identical testamentary words recur in the decided cases, making precedent inconclusive. The particular intent of a testator found by a court in one case is rarely the rock upon which intent in another case is founded.

An analysis of the testamentary language begins with a determination of whether the gift to the primary taker is unambiguous in its grant of a fee simple absolute. In the present case, the second article of the will uses the words "give devise and bequeath" and, "for her own proper use and benefit, forever." It does not use the words, "heirs and assigns," and states that the gift is made "knowing that my said wife will make proper provisions for any child or children . . . ." The defendant concedes that this language, when read in conjunction with the third article, gave Mary Shaw total dominion over the realty during her lifetime, with all of the incidents of ownership except the right of testamentary disposition. She further concedes that the language relating to the testator's expectation that his wife will provide for their children is precatory.

The question is whether the lack of the words, "heirs and assigns," makes it less than clear that a fee simple absolute arose through the use of the language in the second article. Had those words been used, a very clear expression of a fee simple absolute would have resulted. *Trustees of Methodist Church* v. *Harris,* supra. Absent these words, which are customarily used to describe an absolute estate, the language found elsewhere in the will should be examined in order to divine the testator's intent. *Burley* v. *Maguire,* supra. The omission of such language does not necessarily lead to the conclusion that there has not been an absolute gift but it is one factor to be considered in a determination

of what interest was given, along with other factors such as the use of other relevant language in the will. *Pond* v. *Porter,* supra, 65; *Cumming* v. *Pendleton,* 112 Conn. 569, 153 A.175 (1931).

No Connecticut case involves language which duplicates the language of William Shaw's will. The case of *Hull* v. *Hull,* 101 Conn. 481, 126 A. 699 (1924), however, is similar in certain respects. The *Hull* decision involved two articles of a will, one which used the words "give devise and bequeath [to my daughters] their heirs and assigns forever"; id., 482; and another which seemingly limited the gift by devising the same property to others "at the decease"; id.; of the primary beneficiaries. That court analyzed the latter language, noting that it left unclear whether the gift to others was to take effect only if the daughters died in the lifetime of the testatrix, or if their deaths would trigger the vesting of the gifts over, whether occurring either before or after the death of the testatrix. The court concluded that the estate in fee was followed by an inconsistent limitation, and that the second clause should only be applied in the event of the deaths of the primary devisees during the lifetime of the testatrix. *Burnham* v. *Burnham,* 101 Conn. 529, 532, 126 A. 704 (1924), comes to a similar conclusion. The *Hull* court also notes that the law favors the early vesting of estates. *Hull* v. *Hull,* supra, 489.

Although the language of William Shaw's will does not involve a clause which contains an express and positive devise in fee, its article third does not contain a clear expression of intent to reduce the devise of the second article to a lesser estate. The language of the third article is "at the death of my said wife." Such language is capable of two interpretations. The property "then remaining" at "the death of my said wife" could refer to the property remaining if the wife died in the lifetime of the testator, or to the property remain-

ing if the wife died after the death of the grantor. There is, thus, no clear intent expressed in article third which would reduce the estate granted in article second to an estate less than a fee simple absolute. Article fourth of the will makes it clear that the testator contemplated that his wife might die before he did, and reinforces the interpretation of article third to mean that the children would take only if their mother did not survive the testator.

Since the estate given to the testator's wife could only become subject to defeasance in the event that she predeceased the testator, her estate is found to be a fee simple absolute. The use of the word "forever" in connection with the devise to her in article second, coupled with the inconsistent limitation of article third lead to the conclusion that the gift to her was only determinable upon the happening of the contingency of her death in the lifetime of her husband. Since that contingency did not occur, Mary Shaw obtained a fee simple absolute in the realty, with the concommitant power to dispose of it by will.

There is error, the judgment for the defendant is set aside and the case is remanded with direction to render judgment for the plaintiffs.

In this opinion the other judges concurred.