[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an administrative appeal from a decision of the Town of Newington Zoning Board of Appeals (ZBA). It raises the interesting and important question of whether a municipality can impose a fee as a condition of appealing to the zoning board of appeals a cease and desist order issued by the local zoning enforcement officer.
The facts giving rise to this appeal are not disputed. The plaintiff conducted a towing service and U-Haul business on property leased to it by a party not subject to this appeal. By letter dated February 10, 1995, the Zoning Administrator for the Town of Newington issued a cease and desist order against A M Towing and Recovery prohibiting it from: (1) operating a junk yard; (2) violating the terms and conditions of the permit to conduct a U-Haul Rental business; and (3) using land not subject of Zoning Commission approval. At the conclusion of the February 10 letter the plaintiff was advised of the appeals procedure: "Newington Zoning Board of Appeals as per Section 8 of the Newington Zoning Regulations."
On February 16, 1995 the plaintiff partially completed an "Application to Zoning Board of Appeals", a form used by the ZBA for the processing of applications for special exceptions, variances and appeals of orders of the Building Official. At the bottom of the form is a notice stating that "[t]his application shall be accompanied by the required fee." The parties agree that the Zoning Board of Appeals requires the payment of a non-refundable $50 fee as a condition of both filing an application CT Page 1095 for a variance or special exception and appealing the orders of the Building Official. The plaintiff filed the application/appeal form, but refused to pay the fee, believing that it is illegal to condition an appeal of a cease and desist order on the payment of such a fee. In addition to refusing to pay the fee, the plaintiff did not complete the entire form, omitting information concerning the location of the affected premises. Together with the partially completed application, plaintiff's counsel directed a letter to the ZBA, indicating the grounds for the plaintiff's appeal and noting that no fee would be paid. In response, the Administrator of the ZBA informed plaintiff's counsel that, "[I]f you wish to have action taken on behalf of your client, kindly submit a properly completed application with the required non-refundable fee of fifty ($50.00) dollars for processing, etc."
Despite the suggestion in the Administrator's letter that the ZBA would not hear the plaintiff's appeal, the matter was docketed for the regularly scheduled April, 1995 meeting of the ZBA. At that meeting plaintiff's counsel presented argument in support of the plaintiff's claim that the cease and desist order should be vacated. After discussion, the ZBA denied the plaintiff's appeal on four grounds: (1) the application was incomplete; (2) the fee was not paid; (3) a sign advising the public of the date, time and location of the public hearing was not posted on the plaintiff's property; and (4) the plaintiff was illegally storing junk vehicles. This appeal followed.
I. Aggrievement
It is axiomatic that aggrievement "encompasses a two-fold test. First, the party claiming aggrievement must demonstrate a specific, personal and legal interest in the subject matter of the decision, as distinguished from a general interest, such as is the concern of all members of the community as a whole. Second, the party claiming aggrievement must establish that this specific, personal and legal interest has been specially and injuriously affected by the decision." Hall v. PlanningCommission, 181 Conn. 442, 444 (1980).
At the time that the cease and desist order was issued and through the period when the ZBA denied its appeal, the plaintiff occupied the premises in question as a lessee. Subsequent to the filing of this appeal, but prior to the trial of this matter, the plaintiff vacated the premises in response to the initiation of a summary process action[1]. The plaintiff, in short, no longer CT Page 1096 occupies the premises that are the subject of this appeal, and has no legal right to return to the premises.
Under these circumstances the plaintiff is not aggrieved.Goldfeld v. Planning Zoning Commission, 3 Conn. App. 109 (1985); (plaintiff not aggrieved when his option to purchase the property expired by the time the judgment in the trial court was rendered); Pollio v. Conservation Commission, 32 Conn. App. 109,116. ("[T]he trial court could have reasonably concluded that the plaintiff's option agreement had lapsed during the pendency of his appeal to the Superior Court and that the option had terminated prior to the termination of judgment. In light of these findings . . . the trial court properly concluded that the plaintiff was not aggrieved.") Because "we lack jurisdiction to consider an appeal where no practical relief can flow to the appellant from our decision," this court lacks jurisdiction to hear the plaintiff's appeal. Id. Accordingly, the appeal is dismissed.
Although this matter is dismissed on jurisdictional grounds, the court will address the plaintiff's principal argument, so that if there is an appeal in this matter plenary review of the trial court proceedings will be possible.
The principal issue raised in this appeal is whether, under the applicable statutes and local zoning regulations, the Newington ZBA is authorized to impose a fee as a condition of hearing an appeal of a cease and desist order issued by the zoning enforcement officer. The defendant agrees that there is no textual basis for the imposition of such a fee in the Town of Newington Zoning Regulations or Ordinances. The defendant argues, however, that General Statutes § 8-1c authorizes the collection of such a fee. § 8-1c states: "Any municipality may by ordinance, establish a schedule of reasonable fees for the processing of applications by a municipal zoning commission, planning commission, combined planning and zoning commission, zoning board of appeals or inland wetlands commission." (Emphasis supplied).
The defendant's argument fails for two reasons. First, there is no evidence in the record demonstrating that the fees in question are authorized by town ordinance. Indeed the defendant acknowledges that neither the zoning regulations nor the town ordinances authorize the imposition of such a fee. Equally important, § 8-1c refers to reasonable fees for the processing CT Page 1097 of "applications." In this case, the plaintiff filed, or attempted to file, an appeal from the zoning officer's cease and desist order. The plaintiff did not file an application as that term is used in § 8-1c.
In accordance with accepted principles of statutory construction, "words and phrases shall be construed according to the commonly approved usage of the language; and technical words and phrases, and such as have acquired a peculiar and appropriate meaning in the law, shall be construed and understood accordingly." General Statutes § 1-1(a). "When the words of a statute are clear and unambiguous, we assume that the words themselves express the legislature's intent and there is no need to look further for interpretive guidance." Winchester WoodsAssociates v. Planning Zoning Commission, 219 Conn. 303, 310
(1991).
An application is defined in the American Heritage Dictionary as "a request, as for assistance . . ." By contrast, to appeal means "to transfer a case to a higher court for rehearing." This definition is consistent with the "peculiar and technical meaning"; General Statutes § 1-1; of the word "appeal." As used and understood throughout the General Statutes, the Connecticut Practice Book and case law, appeal refers to the process by which an aggrieved party seeks review and reversal by an appellate court of the decision in question. "[I]f either party is aggrieved by the decision of the court or judge upon any question or questions of law arising in the trial . . . he mayappeal to the court having jurisdiction from the final judgment of the court of such judge." General Statutes § 52-263; C.P.B. § 4000 See, also, General Statutes § 8-8(b), providing that "any person aggrieved by an decision of a board may take anappeal to the superior court for the judicial district in which the municipality is located"; and General Statutes 4-183(a), authorizing "[a] person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision may appeal to the superior court as provided in this section." (Emphasis supplied).
In short, it is clear that the legislature understood and intended that the word "appeal" be used in accordance with its customary meaning, which is identical to its technical legal meaning. A review of the specific statutory provisions governing the duties and responsibilities of zoning boards of appeals confirms that the words "appeal" and "application" were intended CT Page 1098 by the legislature to describe two different procedures. § 8-6, which sets forth the powers and duties of zoning board of appeals, provides that the zoning board of appeals shall have the power and duty to: (1) "hear and decide appeals where it is alleged that there is an error in any order requirement or decision made by the official charged with the enforcement of any bylaw, ordinance or regulation"; (2) "to hear and decide all matters including special exceptions"; and (3) "to determine and vary the application of the zoning bylaws, ordinances and regulations. . ." (emphasis supplied). § 8-6 concludes by declaring that "[n]o board shall be required to hear anyapplication for the same variance for a period of six months after a decision by the board or by a court on an earlier such application." Unquestionably, the legislature, in setting forth the responsibilities of zoning boards of appeals, recognized the difference between an application for a variance or special exception and an appeal of the decision of a zoning officer.
Further, General Statutes § 8-7 explicitly distinguishes between the authority to hear and decide "appeals", on the one hand, and to render decisions in connection with "applications" for variances and special exceptions, on the other. It provides that an appeal may be taken to the zoning board of appeals by any person aggrieved by the order or decision of the zoning enforcement officer, but also refers to the rights of the person who "requested or applied for such special exception or variance." The fundamental difference between applications and appeals is confirmed by Judge Fuller in his treatise, Land UseLaw and Practice, 9 Connecticut Practice Series, § 14.1. In describing the application process, Fuller notes that "where use or development of any property is proposed, one or more municipal approvals is always required. . . Virtually all development requires a building or zoning permit or both. . ." Approvals, Fuller observes, are obtained through the application process, and in the case of a zoning board of appeals, typically involve variance or special permit applications. Emphasizing the difference between applications and appeals, Fuller further indicates that "[t]he zoning board of appeals also hears appeals from decisions of the zoning enforcement of officer."
Finally, the Town of Newington Town Plan Zoning Commission Regulations explicitly recognize the difference between an application and an appeal. Section 8 of the Regulations set forth the powers and duties of the Zoning Board of Appeals. § 8.1.2 states that the ZBA "shall hear and decide appeals where it is CT Page 1099 alleged that there is error in any order or decision of the Zoning Enforcement Officer." § 8.2.3 not only confirms that "appeals from the decision of the Enforcement Officer may be made to the Board of Appeals, "but further requires that" such appeal shall be taken . . . by filing with the Board of Appeals a noticeof appeal. . . (emphasis supplied).
Section 8 of the Regulations also authorizes the Board of Appeals to grant a variance of the Regulations, provided that, in accordance with § 8.1.3.A. "a written application for avariance is submitted. . ." (emphasis supplied). The essential difference between an "application" and "appeal" is further emphasized in § 8.2.6 which requires that the "Board shall hold a public hearing on all appeals, requests for special exceptions, and applications for variance."
In short, the defendant's own Regulations distinguish between applications and appeals. Likewise, both the structure and language of § 8-2 et seq. reveal an unmistakable intent by the legislature to distinguish between applications for variances and special exceptions, on the one hand, and appeals of zoning of officer actions, on the other. While § 8-1c permits the defendant to impose a fee with respect to applications, it does not authorize the defendant to impose a fee as a condition of appealing an order of the zoning enforcement officer. The defendant's attempt to collect such a fee is beyond the scope of its authority and in clear violation of § 8-1c and its own Regulations. "The power of the board [of appeals] is defined and limited by the law from which it derives its origin and by ordinances enacted pursuant to that law. The board has no power to enlarge or limit the scope of the authority granted it."Celandine, Inc. v. Board of Zoning Appeals, 149 Conn. 671, 677
(1962).
For the foregoing reasons, the plaintiff's appeal is dismissed.
SO ORDERED.
HOLZBERG, J.